**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 33775**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **2008 Opinion No. 41** |
| Plaintiff-Respondent, | ) |
| | ) **Filed: May 20, 2008** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| JACK K. COOK, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Carl B. Kerrick, District Judge.

Judgment of conviction for infamous crime against nature, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Judge

Jack K. Cook appeals from his judgment of conviction for infamous crime against nature, specifically challenging the constitutionality of the statute as applied to the facts of his case.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Cook performed fellatio on T.F., a male adult with Down's Syndrome, in the sauna at a local gym.  Cook was charged with one count of infamous crime against nature.  I.C. § 18-6605. Cook filed a motion to dismiss, arguing that the infamous crime against nature statute was unconstitutional, either facially or as applied.  The district court denied Cook's motion to dismiss.  The language in the information charging Cook was amended several times based on motions by both Cook and the state.  Eventually, Cook entered an I.C.R. 11 conditional plea of guilty, reserving the right to appeal the denial of his motion to dismiss.  Cook appeals.

1

## II.

## ANALYSIS

The constitutionality of a statute is a question of law that we review de novo. *State v. Dickerson,* 142 Idaho 514, 517-18, 129 P.3d 1263, 1266-67 (Ct. App. 2006). The party challenging a statute on constitutional grounds bears the burden of establishing that the statute is unconstitutional and must overcome a strong presumption of validity. *State v. Korsen,* 138 Idaho 706, 711, 69 P.3d 126, 131 (2003). To prove a statute is unconstitutional "as applied," the party challenging the constitutionality of the statute must demonstrate that the statute, as applied to the defendant's conduct, is unconstitutional. *Id.* at 712, 69 P.3d at 132.

Idaho Code Section 18-6605, provides:

> Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years.

This statute has been construed to prohibit fellatio. *State v. Izatt,* 96 Idaho 667, 669-70, 534 P.2d 1107, 1109-10 (1975). This Court has held that I.C. § 18-6605 "may not be constitutionally enforced to prohibit private consensual marital conduct." *State v. Holden,* 126 Idaho 755, 761, 890 P.2d 341, 347 (Ct. App. 1995).

The Due Process Clause of the United States Constitution provides a liberty interest that protects private, consensual homosexual contact. *See Lawrence v. Texas*, 539 U.S. 558, 578 (2003). Therefore, as Idaho's Supreme Court noted, *Lawrence* "legalized the practice of homosexuality and in essence made it a protected practice under the Due Process Clause of the United States Constitution." *McGriff v. McGriff*, 140 Idaho 642, 648, 99 P.3d 111, 117 (2004). However, the holding in *Lawrence* "does not affect a state's legitimate interest and indeed, duty, to interpose when consent is in doubt." *Anderson v. Morrow,* 371 F.3d 1027, 1033 (9th Cir. 2004).

In this case, Cook argues that I.C. § 18-6605 is unconstitutional as applied to his conduct because he is being punished for private, consensual homosexual conduct. The state counters by arguing that Cook has failed to carry his burden of demonstrating that the government could not constitutionally regulate the conduct he engaged in because Cook has not shown that the sexual acts he committed upon T.F. were consensual.

Although the original information alleged that T.F. was "a vulnerable adult," Cook moved to have that language struck from the information before he pled guilty on the ground that vulnerability of the victim was not an element of the offense defined in I.C. § 18-6605. The district court struck the "vulnerable adult" phrase because it concluded that the phrase was "surplus language." Additionally, the state moved to amend the information to include "without the consent of T.F." Although the district court granted the state's motion and that language was added, Cook later moved to strike "without the consent of T.F," also because the language did not allege an element of the offense. The district court again granted Cook's motion to strike. The amended information that Cook pled guilty to alleged, in part:

> That the Defendant, JACK K. COOK, on or about the 17th day of June 2005, in the County of Nez Perce, State of Idaho, did commit an infamous crime against nature by having oral to genital contact with another person, T.F.

> At Cook's change of plea hearing, the following colloquy occurred:

> THE COURT: . . . But really what I'm interested in here is whether you did the conduct that you're charged with having [done]. So, specifically, maybe I'll just take you through that. Were you here in Nez Perce County on June 17th?
> THE DEFENDANT: I understand, Your Honor. That's okay. I did the conduct under the charges.
> THE COURT: Okay. And so, you had oral to genital contact with another person, but with the initials of TF?
> THE DEFENDANT: Correct.

Cook asserts that he never admitted that the sexual act was performed in a public place or that it was nonconsensual. Therefore, Cook argues on appeal that, based on the information and his factual admissions at the change of plea hearing, he "*could have* been found guilty of the crime against nature solely by performing [fellatio]-the charge did not allege that the act was done in public or that T.F. was unable to consent." (Emphasis added).

Several jurisdictions have determined that a defendant waives an as-applied constitutional challenge by pleading guilty. *See, e.g., State v. Keene,* 629 N.W.2d 360, 364 (Iowa 2001); *State v. Cole,* 665 N.W.2d 328, 345 (Wis. 2003). Presumably, this challenge is waived in part because an as-applied constitutional challenge is based on the particular facts of a defendant's case and it is often difficult to ascertain what those facts are without the benefit of a trial. Another jurisdiction gleaned the necessary facts from a probation report in evaluating a defendant's as-

3

applied constitutional challenge after he pled guilty. *See People v. Eduardo C.,* 108 Cal. Rptr. 2d 924, 926 (Cal. Dist. Ct. App. 2001).

In this case, Cook entered a conditional plea pursuant to I.C.R. 11, reserving the right to appeal the denial of his motion to dismiss. Therefore, we cannot conclude that his as-applied constitutional challenge was waived.[1] However, rather than relying solely on the charging information and Cook's change of plea, we will examine the entire record to determine if Cook has met his burden to show that the conduct for which he was prosecuted is constitutionally protected.

In Cook's motion to dismiss before the district court, he argued that the United States Supreme Court's holding in *Lawrence* rendered Idaho's infamous crime against nature statute unconstitutional, facially or as applied. In denying Cook's motion to dismiss, the district court determined:

> And based on what I--at least factually what I'm aware of in this case, I don't think that there's any protected privacy interest involved in this particular case.

Although the district court determined Cook's sexual conduct lacked a constitutionally protected privacy interest, it is not entirely clear from the record whether the district court reached this conclusion because the conduct occurred in the sauna of a local gym or because T.F. did not, or was not able to, consent. However, there is ample support from the record demonstrating that T.F. was unable to consent or did not consent and that the conduct occurred in public.

The state's memorandum in opposition to Cook's motion to dismiss concludes:

> In this case, the State alleges that the acts of defendant were predatory in nature, directed towards an individual that was mentally impaired enough to be unable to give consent, that the act was without consent, and that the act occurred in a public place.

Cook's memorandum in support of his motion to dismiss describes the underlying conduct as follows:

> This case has arisen from an encounter in a sauna. The defendant is alleged to have committed the infamous crime against nature with T.F., an adult male with Down's Syndrome.

---

[1] Cook's written conditional plea agreement is not contained within the record.

4

At Cook's change of plea hearing, the state summarized some of the evidence against Cook as follows:

> If the matter were to go to trial, the State would call several witnesses beginning with [T.F.]. [T.F.] would testify that he is a regular attendee of the [gym] . . . .
>
> . . . [T.F.] would testify that when he went into the sauna, he was nude, as was the other individual in the sauna; that the other individual came up to him and essentially began to perform oral sex on [him].

The state also described testimony that would have been given by T.F.'s brother-in-law, who T.F. called shortly after the incident. T.F.'s brother-in-law would have testified that T.F. was very upset after the incident. Additionally, the state described testimony that would have been offered by the officer who first interviewed Cook, that:

> [H]e interviewed Mr. Cook and that during the course of that interview, that Mr. Cook admitted to the act that he is charged with today with performing oral sex on [T.F.]. He also admitted that he realized [T.F.] had Down's Syndrome, but that he believed at the time that [T.F.] was consenting.

Accordingly, Cook has not shown that he was prosecuted for contact that occurred in private and with an adult who could and did consent. That Cook did not admit some details of the underlying allegations when he pled guilty is not relevant to our inquiry. We look, rather, at the facts asserted by the state as the basis of the charge. Therefore, the district court's order upholding the constitutionality of I.C. § 18-6605 as applied to Cook and denying Cook's motion to dismiss is affirmed.

### III.

### CONCLUSION

Cook failed to meet his burden of proof in establishing that I.C. § 18-6605 is unconstitutional as applied to the conduct in his case. Accordingly, Cook's judgment of conviction for infamous crime against nature is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

5