**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41378**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2014 Opinion No. 61** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: August 12, 2014** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| MICHAEL JAY FREITAS, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge. Hon. Clark Peterson, Magistrate.

Order of the district court, on appeal from the magistrate division, affirming judgment of conviction for transferring water in violation of a city ordinance, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Jay Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant. Jay Logsdon argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

---

MELANSON, Judge

Michael Jay Freitas appeals from the district court's order, entered in its intermediate appellate capacity, affirming Freitas's judgment of conviction for transferring water in violation of Spirit Lake City Ordinance 7-4-10. Freitas specifically alleges that the ordinance is unconstitutional and that the district court erred in affirming his judgment of conviction despite various asserted errors by the magistrate. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Freitas was cited for providing water to a neighbor's residence in violation of Spirit Lake City Ordinance 7-4-10. An officer observed that a hose had been connected to a spigot on the outside of Freitas's home, that the hose was also connected to his neighbor's home, and that

1

water was leaking from the connections. The neighbor's water service had been turned off due to nonpayment. The officer gave Freitas a verbal warning that he was violating the city ordinance by connecting city water to a third person for use in a residence that was not otherwise provided with city water service. The officer then gave Freitas a copy of the ordinance and left. The officer returned the next day and cited Freitas after finding that he was continuing to provide water to his neighbor in violation of the ordinance. Freitas told the officer that he did not think he was doing anything wrong since the water he was providing had gone through his meter and been paid for.

Freitas filed a motion to dismiss, asserting that the ordinance was unconstitutional on its face and as applied under various provisions of the federal and state constitutions. The magistrate denied the motion. Freitas went to trial before a jury. At the close of the state's evidence, Freitas moved for judgment of acquittal under Idaho Criminal Rule 29(a) based on alleged insufficiency of the evidence, which the magistrate also denied. Freitas subsequently requested a jury instruction that restated the first line of the ordinance regarding the city's ownership of the water system. The magistrate denied the requested instruction, finding that there was no factual dispute over ownership of the water system. The jury ultimately found Freitas guilty of violating the ordinance and the magistrate imposed a fine of $500,[1] but stayed imposition of the sentence pending appeal pursuant to I.C.R. 54.5(a). Freitas appealed to the district court, which affirmed Freitas's judgment of conviction. Freitas again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as the Idaho Supreme Court's. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the

---

[1]     As noted by the district court, although I.C. § 50-302 provides for a fine of up to $1,000 for violation of an ordinance, City of Spirit Lake Ordinance 1-4-1(A) provides that the maximum penalty for violation of a Spirit Lake City ordinance is only $300. However, neither party has mentioned this issue on appeal or below.

district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id.*

### III.

### ANALYSIS

Freitas alleges a number of errors on appeal. Primarily, he asserts that the ordinance is unconstitutional on its face because it is facially vague and because it exceeds the police power granted to municipalities under the Idaho Constitution and the statutorily granted power to regulate domestic water systems. He also asserts that the ordinance is unconstitutional as applied because it criminalizes his charitable conduct in this case. Finally, Freitas asserts that the district court erred in affirming his judgment of conviction due to the magistrate's error in giving an allegedly incorrect elements instruction to the jury, rejecting his proposed jury instruction, and denying his I.C.R. 29(a) motion for judgment of acquittal.

### A. Facial Constitutionality

Freitas argues that the district court erred in holding that the ordinance is constitutional on its face. Where the constitutionality of a statute is challenged, we review the lower court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party attacking a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003), *abrogated on other grounds by Evans v. Michigan*, ___ U.S. ___, 133 S. Ct. 1069 (2013); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *State v. Manzanares*, 152 Idaho 410, 418, 272 P.3d 382, 390 (2012); *Martin*, 148 Idaho at 34, 218 P.3d at 13. Rules for the construction of ordinances are the same as those applied to the construction of statutes. *City of Lewiston v. Mathewson*, 78 Idaho 347, 350, 303 P.2d 680, 681-82 (1956).

#### 1. Facial vagueness

Freitas alleges that the statute is facially vague. Due process requires that all be informed as to what the state commands or forbids and that persons of ordinary intelligence not be forced to guess at the meaning of the law. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. No one may be

3

required at the peril of loss of liberty to speculate as to the meaning of penal statutes. *Korsen*, 138 Idaho at 711, 69 P.3d at 131. A void for vagueness challenge is more favorably acknowledged and a more stringent vagueness test will be applied where a statute imposes a criminal penalty. *Cobb*, 132 Idaho at 198, 969 P.2d at 247. As a result, criminal statutes must plainly and unmistakably provide fair notice of what is prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003); *State v. Bitt*, 118 Idaho 584, 585, 798 P.2d 43, 44 (1990); *Voyles v. City of Nampa*, 97 Idaho 597, 599, 548 P.2d 1217, 1219 (1976). Additionally, a statute is void for vagueness if it invites arbitrary and discriminatory enforcement. *Cobb*, 132 Idaho at 197, 969 P.2d at 246; *Bitt*, 118 Idaho at 588, 798 P.2d at 47. A statute avoids problems with arbitrary and discriminatory enforcement by identifying a core of circumstances to which the statute or ordinance unquestionably could be constitutionally applied. *Bitt*, 118 Idaho at 588, 798 P.2d at 47; *State v. Medel*, 139 Idaho 498, 502, 80 P.3d 1099, 1103 (Ct. App. 2003). It has long been held that a statute should not be held void for uncertainty if it can be given any practical interpretation. *Mathewson*, 78 Idaho at 351, 303 P.2d at 682.

A statute may be challenged as unconstitutionally vague on its face or as applied to a complainant's conduct. *Korsen*, 138 Idaho at 712, 69 P.3d at 132; *Martin*, 148 Idaho at 35, 218 P.3d at 14. Freitas argues on appeal only that the ordinance is vague on its face, not as applied. To be successful in a facial vagueness challenge, the complainant must demonstrate that the law is impermissibly vague in all of its applications. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982); *Cobb*, 132 Idaho at 199, 969 P.2d at 248. That is, it must be shown that the enactment is invalid *in toto*. *Cobb*, 132 Idaho at 199, 969 P.2d at 248; *State v. Newman*, 108 Idaho 5, 12, 696 P.2d 856, 863 (1985).[2]

---

[2] Freitas asks this Court to overturn prior cases decided by the Idaho Supreme Court that cite to *Vill. of Hoffman Estates* for the requirement that a challenger of a statute show the law is impermissibly vague in all its applications before it can be found facially unconstitutional, even when the challenge is to a criminal statute. He cites to a U.S. Supreme Court case for support of his assertion that this standard is incorrect and has been rejected by the Court in application to criminal statutes. *See Kolender v. Lawson*, 461 U.S. 352, 358 n.8 (1983) (stating, in dicta, that the dissent's assertion that a statute cannot be facially vague unless it is vague in all its possible applications was not an accurate description of the Court's holdings when dealing with criminal provisions). However, the U.S. Supreme Court later repeated this standard in reference to a criminal pretrial detention statute, albeit one deemed to be regulatory in nature. *See United*

Here, Freitas has failed to meet this burden. Spirit Lake City Ordinance 7-4-10 provides:

> Every part of the city water system up to, and including, any shutoff valve and/or meter, which may be installed at or near the property line of any lot, is the property of the city. It shall be unlawful for any person to connect to, interfere or tamper with, turn on or off, *permit connection or delivery of water to third persons for use within a residence or other building not otherwise provided with water service in accordance with this chapter*, or to operate or introduce any substance into any part of the city water system unless that person is acting under the direct supervision of a qualified employee of the city or first obtains express written permission from the mayor.

(Emphasis added.) As held by the district court, the relevant and disputed italicized portion of the ordinance can be reasonably broken down to provide that it is unlawful to either deliver city water to a third party for use within a residence or other building not otherwise provided with city water service or permit connection of city water to a third party for use within a residence or other building not otherwise provided with city water service.

---

*States v. Salerno*, 481 U.S. 739, 745 (1987) (noting that a "facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid"). A decade later, Justice John Paul Stevens stated in a concurring opinion that the appropriate standard to use for facial vagueness challenges had been a subject of debate; however, he asserted that the Court has never actually applied the strict standard of requiring a showing that a criminal statute is invalid in all circumstances. *Washington v. Glucksberg*, 521 U.S. 702, 739-40 (1997) (Stevens, J., concurring). He noted that the most lenient standard used by the Court requires the challenger to establish that the invalid applications of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep. *Id.* at 740 n.7. More recently, the U.S. Supreme Court has recognized the existence of the seemingly conflicting standards enunciated by the Court in *Salerno* and by Justice Stevens in his concurrence in *Glucksberg*. *See United States v. Stevens*, 559 U.S. 460, 472 (2010). Tellingly, the Court declined to resolve the inconsistency. *Id.* Thus, the U.S. Supreme Court has not "expressly rejected" application of the *Salerno* (or *Vill. of Hoffman Estates*) standard for facial vagueness to criminal statutes, as Freitas alleges. Moreover, the Idaho Supreme Court has not adopted the more relaxed standard Freitas advocates from the footnote in *Kolender* and, instead, has continued to use the more demanding standard of *Vill. of Hoffman Estates* and *Salerno*. *See, e.g.*, *State v. Doe*, 148 Idaho 919, 930-31, 231 P.3d 1016, 1027-28 (2010) (citing to *Kolender* for the standard of definiteness required of a criminal statute, but then citing to *Vill. of Hoffman Estates* for the proposition that an ordinance alleged to be facially vague must be shown to be impermissibly vague in all its applications). Accordingly, we decline Freitas's invitation to overturn controlling precedent of the Supreme Court of this state--something we could not do in any event--on the basis of unsettled U.S. Supreme Court case law.

5

Freitas does not identify any specific term or phrase of the ordinance that renders it unconstitutionally vague on its face or even that he finds ambiguous. Instead, he asserts that the entire ordinance is a "mishmash" of "garbled language" comprised of "clumps of nonsense words" that are unintelligible to a person of ordinary intelligence and allow for unbridled interpretation by law enforcement. We disagree. The law is clear on its face, prohibiting usurpation of the municipality's regulatory authority over domestic water service by anyone who wishes to set themselves up as private providers of water. Although Freitas alleges that this ordinance could conceivably make it illegal to give a person a glass of water if that person then takes that water before drinking it to a residence where water service is not provided by the city, we need not consider the "what ifs" that can be posed to question circumstances not applicable here. *See State v. Zichko*, 129 Idaho 259, 262, 923 P.2d 966, 969 (1996). Instead, because a defendant who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others, we must first examine the complainant's conduct before analyzing other hypothetical applications of the law. *Vill. of Hoffman Estates*, 455 U.S. at 495; *State v. Laramore*, 145 Idaho 428, 431, 179 P.3d 1084, 1087 (Ct. App. 2007). The reason for this analytical starting point is readily apparent because, if a statute is not unconstitutionally vague as applied to the defendant's conduct, it necessarily is not unconstitutionally vague on its face. *Laramore*, 145 Idaho at 431, 179 P.3d at 1087.

In this case, the conduct that Freitas engaged in--hooking a hose from his home to his neighbor's home to provide that neighbor with water within his home despite termination of the neighbor's water service by the city--is the quintessential example of the conduct the ordinance was designed to prohibit. This and similar forms of unauthorized usurpation of the city's exclusive authority to provide domestic water services are the core of circumstances to which the ordinance can unquestionably be constitutionally applied. Law enforcement is not empowered to restrain all conduct involving provision of water outside of the city water system. Only when an individual takes the additional step of setting himself or herself up as the provider of water service to a residence or other building where water service has been discontinued may the ordinance be invoked. The ordinance need not be perfectly clear; only reasonable clarity sufficient to provide fair notice to persons of ordinary intelligence and guidance to law enforcement is required. *See State v. Alley*, 155 Idaho 972, 983, 318 P.3d 962, 973 (Ct. App. 2014). We conclude that Spirit Lake City Ordinance 7-4-10 gives such fair notice as to the

conduct it prohibits and does not countenance arbitrary enforcement.  Accordingly, Freitas has failed to show that the ordinance is facially vague.

## 2.      Article XII, Section 2, of the Idaho Constitution

Freitas also alleges that the city exceeded the power granted to it under Article XII, Section 2, of the Idaho Constitution.  Specifically, Freitas argues that the Section 2 grant of police power, along with the statutory power to regulate domestic water services granted to municipalities under I.C. § 50-323, has been limited by I.C. § 50-1030(f).  He claims that Section 50-1030(f) limits municipalities to the use of civil penalties for regulation of domestic water systems and that the ordinance here exceeds that limitation by criminalizing the provision of water to a third party.  He also asserts that the ordinance could apply beyond the city's jurisdiction and that the ordinance is improper, unreasonable, and arbitrary.

Article XII, Section 2, of the Idaho Constitution provides that any "incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."  This provision constitutes a grant of local police powers to Idaho cities.  *Caesar v. State*, 101 Idaho 158, 161, 610 P.2d 517, 520 (1980); *State v. Clark*, 88 Idaho 365, 373, 399 P.2d 955, 959 (1965).  Idaho appellate courts have interpreted three general restrictions pertaining to ordinances or regulations enacted under this constitutional grant of local police power:  (1) the ordinance or regulation must be confined to the limits of the governmental body enacting the same; (2) it must not be in conflict with other general laws of the state; and (3) it must not be an unreasonable or arbitrary enactment.  *Clark*, 88 Idaho at 374, 399 P.2d at 960; *State v. Reyes*, 146 Idaho 778, 780, 203 P.3d 708, 710 (Ct. App. 2008).  Moreover, municipalities may exercise only those powers expressly granted to them or necessarily implied from the powers granted.  *City of Grangeville v. Haskin*, 116 Idaho 535, 538, 777 P.2d 1208, 1211 (1989); *Caesar*, 101 Idaho at 160, 610 P.2d at 519.  The party challenging the validity of a municipal exercise of a constitutionally granted police power bears the burden of showing that such an exercise is either in conflict with the general laws of the state or that it is unreasonable or arbitrary.  *Plummer v. City of Fruitland*, 139 Idaho 810, 813, 87 P.3d 297, 300 (2004).

Idaho Code Section 50-302(1) provides:

> Cities shall make all such ordinances, bylaws, rules, regulations and resolutions not inconsistent with the laws of the state of Idaho as may be expedient, in addition to the special powers in this act granted, to maintain the

7

peace, good government and welfare of the corporation and its trade, commerce and industry. Cities may enforce all ordinances by fine, including an infraction penalty, or incarceration; provided, however, except as provided in subsection (2) of this section, that the maximum punishment of any offense shall be by fine of not more than one thousand dollars ($1,000) or by imprisonment not to exceed six (6) months, or by both such fine and imprisonment.

The legislature has specifically designated the provision of domestic water services as one of the trades, commerce, or industry that municipalities may engage in and regulate, even by fine or incarceration. *See* I.C. § 50-323; *Alpert v. Boise Water Corp.*, 118 Idaho 136, 141, 795 P.2d 298, 303 (1990). Section 50-323 provides:

Cities are hereby empowered to establish, create, develop, maintain and operate domestic water systems; provide for domestic water from wells, streams, water sheds or any other source; provide for storage, treatment and transmission of the same to the inhabitants of the city; and to do all things necessary to protect the source of water from contamination. The term "domestic water systems" and "domestic water" includes by way of example but not by way of limitation, a public water system providing water at any temperature for space heating or cooling, culinary, sanitary, recreational or therapeutic uses.

Freitas alleges that these provisions and Article XII, Section 2, of the Idaho Constitution are limited by I.C. § 50-1030(f).[3] This is incorrect. Section 50-1030 begins by providing that, "*in addition to the powers which it may now have*, any city shall have power under and subject to the following provisions: . . ." (Emphasis added.) This makes plain that Section 50-1030 is not a limitation on either the local police powers provided to municipalities under Article XII, Section 2, of the Idaho Constitution or the power to regulate domestic water granted to municipalities under Section 50-323. Instead, Section 50-1030 supplements those powers and enumerates other specific powers relating to municipal finances. As a result, Section 50-1030(f)

---

[3]     Idaho Code Section 50-1030 provides, in pertinent part:

In addition to the powers which it may now have, any city shall have power under and subject to the following provisions:

. . . .

(f)     To prescribe and collect rates, fees, tolls or charges, including the levy or assessment of such rates, fees, tolls or charges against governmental units, departments or agencies, including the state of Idaho and its subdivisions, for the services, facilities and commodities furnished by such works, or by such rehabilitated existing electrical generating facilities, and to provide methods of collections and penalties, including denial of service for nonpayment of such rates, fees, tolls or charges;

8

is irrelevant to the validity of the ordinance in question and the ordinance is not in conflict with the general laws of Idaho.

Freitas further argues that the city ordinance does not limit itself to the City of Spirit Lake and that the magistrate erred in applying a construction to the ordinance limiting its application to the city to make it constitutional. An appellate court is obligated to seek an interpretation of a statute or ordinance that upholds its constitutionality. *Manzanares*, 152 Idaho at 418, 272 P.3d at 390; *Cobb*, 132 Idaho at 197, 969 P.2d at 246. Thus, the district court correctly determined that the magistrate did not err by applying a reasonable limiting construction to the ordinance to avoid the alleged constitutional issue raised by Freitas. In any event, the ordinance does not purport to apply beyond the city limits. Indeed, the ordinance's language limits it to application to conduct involving the "*city* water system." (Emphasis added.) Accordingly, Freitas's argument on this issue is meritless.

Freitas also alleges that the ordinance is improper, unreasonable, and arbitrary. He claims that the ordinance is improper because it causes the city to act in an anticompetitive way to uphold its monopoly on the provision of domestic water. Whether an ordinance is improper, unreasonable, or arbitrary is a question of law that we review de novo. *Sanchez v. City of Caldwell*, 135 Idaho 465, 468, 20 P.3d 1, 4 (2001). Freitas asserts that the city's interest in being the sole provider and regulator of domestic water is improper because it violates Section 5 of the Federal Trade Commission Act and Section 7 of the Clayton Act.[4] Freitas cites to *Federal Trade Comm'n v. Phoebe Putney Health Sys., Inc.*, ___ U.S. ___, ___, 133 S. Ct. 1003, 1010 (2013) for the proposition that municipalities engaged in anticompetitive conduct are not necessarily entitled to state-action immunity from federal antitrust laws.

Freitas's reliance on this case is misplaced. The Court in that case stated the following:

> [S]ubstate governmental entities do receive immunity from antitrust scrutiny when they act pursuant to state policy to displace competition with regulation or monopoly public service. This rule preserves to the States their freedom . . . to use their municipalities to administer state regulatory policies free of the inhibitions of the federal antitrust laws without at the same time permitting purely parochial interests to disrupt the Nation's free-market goals.
> As with private parties, immunity will only attach to the activities of local governmental entities if they are undertaken pursuant to a clearly articulated and affirmatively expressed state policy to displace competition.

---

[4] 15 U.S.C. § 45 (2012) and 15 U.S.C § 18 (2012), respectively.

*Phoebe Putney Health Sys.*, ___ U.S. at ___, 133 S. Ct. at 1010-11 (internal quotation marks and citations omitted). The Court went on to state that, to pass the clear articulation test, a state legislature need not expressly state in a statute or its legislative history that the legislature intends for the delegated action to have anticompetitive effects. *Id.* at ___, 133 S. Ct. at 1011. Rather, state-action immunity applies if the anticompetitive effect was the foreseeable result of what the state authorized. *Id.*

It has long been established that the legislature intended through I.C. § 50-323 to displace competition with municipality provided domestic water services. Indeed, "the state of Idaho has specifically delegated and authorized its cities to provide utility services directly to its residents or to contract with other entities to provide the necessary utility services." *Alpert*, 118 Idaho at 141, 795 P.2d at 303. This includes authorization to "establish, create, develop, maintain and operate domestic water systems" under I.C. § 50-323. *Alpert*, 118 Idaho at 141, 795 P.2d at 303. Moreover, as stated by the Court in *Alpert* in reference to I.C. § 50-323 and other statutes providing municipal authority over utilities:

> These Idaho statutes clearly contemplate that a city or municipality may engage in activities such as [entering into utility franchise agreements]. *Such activity is a foreseeable result of empowering the cities to engage in the operation of their own utilities and these activities do not constitute unfair competition nor antitrust violations. The clear state policy is to displace competition in the providing of utility service with regulation of a monopoly public service.*

*Alpert*, 118 Idaho at 141, 795 P.2d at 303 (emphasis added). *See also Idaho Power & Light Co. v. Blomquist*, 26 Idaho 222, 241, 141 P. 1083, 1088 (1914) (noting that the legislature had determined that providing electricity to the public must be transacted by a regulated monopoly because "free competition between as many companies or as many persons as might desire to put up wires in the streets is impractical and not for the best interests of the people"). Accordingly, state-action immunity applies to municipal regulation of domestic water systems and the ordinance is not improper based on its allegedly anticompetitive effects.

Additionally, Freitas asserts that the ordinance is arbitrary because he cannot conceive of an instance where sharing water could be harmful to the municipality or others. Generally, courts are not concerned with the wisdom of ordinances and will uphold a municipal ordinance unless it is clearly unreasonable or arbitrary. *Clark*, 88 Idaho at 375-76, 399 P.2d at 961. It is not the province of courts, except in clear cases, to interfere with the exercise of the power

reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community. *Sanchez*, 135 Idaho at 468, 20 P.3d at 4. Indeed, we indulge every presumption in favor of the valid exercise of legislative discretion unless arbitrary action is clearly disclosed. *Clark*, 88 Idaho at 375, 399 P.2d at 961.

Here, Freitas fails to acknowledge or address the state's legitimate interest in retaining control of the authority delegated to the city to exclusively provide domestic water services. He also fails to recognize that the municipality's ability to effectively collect delinquent water fees is undermined by circumvention of the penalty for failing to pay those fees--disruption of service. Although the water provided to the third party is still being paid for, the water previously provided to the third party for which that third party has not paid remains unpaid and the incentive to pay that debt is reduced. This threatens the city's ability to provide low-cost water services.[5] Thus, the municipality, and thereby the community it serves, is harmed and the municipality may take steps to prevent that harm, including criminalizing the causal conduct. As a result, the ordinance is not arbitrary. Instead, it is the result of a legitimate exercise of the city's local police powers granted under Article XII, Section 2, of the Idaho Constitution and I.C. § 50-323 in regulating the provision of domestic water services for the peace, good government, and general welfare of the city residents. Accordingly, the ordinance is facially constitutional and the district court did not err in so finding.

**B.    As-Applied Constitutionality**

Freitas alleges that the ordinance is also unconstitutional as applied to his conduct. He claims that the ordinance violates various provisions of the federal and state constitutions by prohibiting charitable giving. To prove a statute is unconstitutional "as applied," the party challenging the constitutionality of the statute must demonstrate that the statute, as applied to the defendant's conduct, is unconstitutional. *Korsen*, 138 Idaho at 712, 69 P.3d at 132; *Cook*, 146 Idaho at 262, 192 P.3d at 1086.

Freitas fails to specify how, under any of the several provisions he invokes, the ordinance is unconstitutional. Instead, he provides several statements about the value of charity followed

---

[5]    The clerk-treasurer for the City of Spirit Lake testified that the city intentionally tries to keep its water rates low, as the city includes a large low-income population. The city charges a $15 flat fee per resident for domestic water service, which includes 12,000 gallons of water. A resident is charged an additional $1.25 for each additional 1,000 gallons of water used. The clerk-treasurer testified that this is one of the lowest rates for domestic water service in the state.

11

by conclusory assertions that charity must be protected under the state and federal constitutions. These assertions are unsupported by cogent argument or relevant authority applicable to the facts of this case. A party waives an issue on appeal if either authority or argument is lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Accordingly, we will not address this argument further.

## C. Additional Claims

### 1. Instructional error

Freitas also argues that the district court erred in affirming his judgment of conviction because the magistrate misinterpreted the ordinance and he was tried under the wrong elements. He asserts that the part of the ordinance at issue should be interpreted to prohibit individuals from making their own direct connection to the city's water system (such as by "digging up the water line") in order to connect or deliver city water to a third party. In other words, Freitas argues that the magistrate provided the jury with the wrong elements instruction.

Jury instructions must correctly inform the jury as to the elements of the crime charged. *State v. Hickman*, 146 Idaho 178, 181, 191 P.3d 1098, 1101 (2008). The question of whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

The plain language of the ordinance belies Freitas's interpretation, as previously discussed. Freitas identifies no language, and the ordinance contains no such language, that supports his strained interpretation. The elements instruction that the magistrate provided to the jury, as a part of the instructions as a whole, fairly and accurately conveyed the correct elements of the crime for which Freitas was charged.[6] Moreover, Freitas did not object to the elements

---

[6] The magistrate provided the following elements instruction to the jury:

> You're instructed that the essential elements of the crime of unlawful act regarding water system which the defendant is charged are: One, on or about the 28th of September 2012; two, in Kootenai County, State of Idaho; three, the defendant, Michael J. Freitas, permitted connection or delivery of city water; four, to third persons; five, for use in a residence; six, not otherwise provided with water service.

12

instruction provided, requiring him to show fundamental error to warrant reversal on that basis. *See State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). Freitas has made no showing that the elements instruction constituted fundamental error.

Freitas also alleges that the district court erred in affirming his judgment of conviction because the magistrate erroneously declined to give his proposed jury instruction.[7] The magistrate found that Freitas's proposed jury instruction did not address any issue relevant to the case, as there was no dispute over who owned the water system from which the water was taken. Thus, the district court did not err in affirming the magistrate's denial, as this argument also relied on Freitas's unsupportable interpretation of the city ordinance. As noted above, the state needed only to prove that Freitas permitted connection to or delivery of water obtained from the city, not that the water was still owned by the city at the time of the connection or delivery. Additionally, even if ownership of the water provided were an issue, the proposed instruction is irrelevant to that issue because it only addressed ownership of the water system. Accordingly, Freitas has failed to show that the district court erred in affirming his judgment of conviction based on either of the alleged instructional errors.

### 2. Motion to acquit

Freitas further contends that the district court erred in affirming his judgment of conviction because the magistrate erroneously denied his I.C.R. 29(a) motion for judgment of acquittal. Specifically, he asserts that the state's evidence was insufficient to prove that the water Freitas delivered to his neighbors came from the city's water system.

Idaho Criminal Rule 29(a) provides that, at the close of evidence for either party, the court may, sua sponte or on motion of the defendant, enter a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing a court's ruling on a motion for judgment of acquittal is to determine whether the evidence was

---

> If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

[7] The proposed jury instruction stated as follows: "The Spirit Lake city water system is property of the city up to and including any shutoff valve and/or meter which may be installed at or near the property of any lot."

13

sufficient to sustain a conviction of the crime charged. I.C.R. 29(a); *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). Where, as here, the defendant presents evidence in defense after denial of the motion for judgment of acquittal, this Court will conduct a review of all of the evidence presented at trial to determine whether it was sufficient to support the conviction. *See State v. Watson*, 99 Idaho 694, 698, 587 P.2d 835, 839 (1978); *State v. Henninger*, 130 Idaho 638, 640, 945 P.2d 864, 866 (Ct. App. 1997). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of the crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, when a motion for judgment of acquittal has been denied, and the defendant stands convicted, all reasonable inferences on appeal are taken in favor of the prosecution. *State v. O'Campo*, 103 Idaho 62, 67, 644 P.2d 985, 990 (Ct. App. 1982).

Here, the citing officer testified that, when she came upon the hose running from Freitas's home to his neighbor's home, she noticed water leaking from the connections, indicating that water was running from Freitas's home to his neighbor's home. The officer also testified that, after she told Freitas he was violating the city ordinance, Freitas told her that "as long as the water was going through his meter and he's paying for it," Freitas believed he could do with it as he pleased, including giving it to his neighbors. Additionally, one of the individuals staying at the neighbor's home to which the hose was connected testified that, although she never saw where the other end of the hose was connected, she was aware that the home was being supplied with water by a neighbor through the hose leading across the alley to Freitas's home. Thus, as noted by the district court, the jury could reasonably infer from these statements that the water Freitas was delivering to his neighbors from his home came from the city's water system to which his home was connected. As a result, the district court did not err in affirming the magistrate's denial of Freitas's I.C.R. 29(a) motion for judgment of acquittal.

## IV.

## CONCLUSION

Freitas has failed to show that the ordinance is unconstitutional either on its face or as applied to his conduct. He has also failed to show that the district court erred in affirming the magistrate's elements instruction, its denial of his proposed jury instruction, or its denial of his I.C.R. 29(a) motion for judgment of acquittal. Accordingly, we affirm the district court's intermediate appellate decision upholding Freitas's judgment of conviction for transferring water in violation of Spirit Lake City Ordinance 7-4-10.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**