# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44262

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 308 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 10, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LUCAS DARNELL FRANCKE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction for possession of a controlled substance and misdemeanor possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Lucas Darnell Francke appeals from his judgment of conviction for possession of a controlled substance and misdemeanor possession of drug paraphernalia. Specifically, Francke asserts that the district court erred in denying Francke's motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

An officer was following a white pickup and was unable to read the license plate number because a trailer hitch obstructed the officer's view of the license plate. The officer stopped the pickup, in which Francke was a passenger, for a violation of I.C. § 49-428(2), which requires that every license plate be clearly visible. The officer detected the odor of marijuana coming

1

from the pickup and called a K-9 unit. A subsequent search revealed methamphetamine, two pipes, a digital scale, a mirror, razor blades and cash, all in a backpack near Francke. Francke admitted to being in possession of the backpack. The State charged Francke with one count of possession of a controlled substance, I.C. § 37-2732(c), and one misdemeanor count of possession of drug paraphernalia, I.C. § 37-2734A. Francke filed a motion to suppress the drugs and paraphernalia. The district court denied that motion, and Francke pled guilty. Francke appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

In his motion to suppress, Francke argued that the officer lacked reasonable suspicion to initiate the traffic stop. Specifically, Francke asserted that the statute, I.C. § 49-428(2), was unconstitutionally vague as applied to him and allowed the officer to arbitrarily and discriminatorily enforce the statute against Francke. Francke further asserted that the statute failed to define with sufficient clarity what conduct was prohibited and could not be the basis of the officer's reasonable suspicion. As an example of the statute's vagueness, Francke asserts that the statute fails to specify that the license plate must be visible to vehicles traveling directly behind the license plate. Francke contends that, because the officer's reasonable suspicion was based on an unconstitutional statute, the stop was unlawful.

2

**A.** **Constitutionality of the Statute**

Where the constitutionality of a statute is challenged, we review the lower court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party attacking a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *Freitas*, 157 Idaho at 261, 335 P.3d at 601; *Martin*, 148 Idaho at 34, 218 P.3d at 13.

Due process requires that all be informed as to what the State commands or forbids and that persons of ordinary intelligence not be forced to guess at the meaning of the law. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. No one may be required at the peril of loss of liberty to speculate as to the meaning of penal statutes. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A void for vagueness challenge is more favorably acknowledged and a more stringent vagueness test will be applied where a statute imposes a criminal penalty. *Cobb*, 132 Idaho at 198, 969 P.2d at 247. As a result, criminal statutes must plainly and unmistakably provide fair notice of what is prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003).

Additionally, a statute is void for vagueness if it invites arbitrary and discriminatory enforcement. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A statute avoids problems with arbitrary and discriminatory enforcement by identifying a core of circumstances to which the statute or ordinance unquestionably could be constitutionally applied. *Id.* A statute should not be held void for uncertainty if it can be given any practical interpretation. *Id.* at 261-62, 335 P.3d at 601-02. A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct. *Id.*; *Martin*, 148 Idaho at 35, 218 P.3d at 14. To succeed on an as-applied vagueness challenge, a defendant must show that the statute failed to provide fair notice that the defendant's conduct was prohibited or failed to provide sufficient guidelines such that police had unbridled discretion in determining whether to arrest the defendant. *State v. Pentico*, 151 Idaho 906, 915, 265 P.3d 519, 528 (Ct. App. 2011).

3

In this case, the statute at issue requires every license plate be "clearly visible" and "free from foreign materials." I.C. § 49-428(2). Francke argues that the foreign materials refers to materials directly on the license plate and not to detached materials that obstruct a view of the license plate. It appears that Francke asserts that the application of the "free from foreign materials" requirement, as applied to him, is unconstitutionally vague because the officer interpreted that requirement to prohibit the trailer hitch that obstructed the license plate. However, the statute's mandate to keep license plates "free from foreign materials" is not at issue. The statute also mandates that the license plate be clearly visible. The term "clearly visible" has a common meaning. Because the unambiguous requirement that every license plate be clearly visible is that license plates be free from obstruction, the statute clearly sets forth the conduct prohibited. Thus, I.C. § 49-428(2) is not unconstitutionally vague as applied to Francke.

**B.      Validity of the Traffic Stop**

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

In this case, Francke's argument that the stop was unlawful was based on his assertion that I.C. § 49-428(2) was unconstitutional as applied to him. However, we have determined that the statute is not unconstitutional as applied to Francke. Francke concedes that the trailer hitch obstructed the officer's view of the license plate. Thus, the officer had reasonable suspicion that

4

there was a violation of I.C. § 49-428(2). Accordingly, the stop was lawful and the district court did not err in denying Francke's motion to suppress.

## IV.

## CONCLUSION

Idaho Code Section 49-428(2) unambiguously requires that every license plate be clearly visible and is not unconstitutional as applied to Francke. Because the officer's view of the license plate was obstructed by the trailer hitch, he had a reasonable suspicion that there was a violation of I.C. § 49-428(2). Thus, the stop was lawful and the district court correctly denied Francke's motion to suppress. Accordingly, Francke's judgment of conviction for possession of a controlled substance and misdemeanor possession of drug paraphernalia is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.