**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47089**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 8, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| JUAN RUBEN GUTIERREZ, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment of conviction for unlawful possession of a firearm, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Juan Ruben Gutierrez appeals from his judgment of conviction for unlawful possession of a firearm. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Gutierrez, a convicted felon, was found in possession of a muzzle-loading, black-powder pistol and drug paraphernalia after being stopped by police for a traffic violation. The State charged Gutierrez with unlawful possession of a firearm and possession of drug paraphernalia. Gutierrez moved to dismiss the unlawful possession of a firearm charge, arguing that the statute defining the offense (I.C. § 18-3316) was unconstitutionally vague as applied to his conduct. Alternatively, Gutierrez proposed a specific jury instruction defining the term "firearm" as found

1

in 18 U.S.C. § 921.  According to Gutierrez, that definition (which is used in another section of Chapter 33 of the Idaho Code to define firearm) excludes muzzle-loading, black-powder pistols that cannot use fixed ammunition and was, therefore, the most favorable definition to him of the term firearm found within the same chapter of the Idaho Code as I.C. § 18-3316.  After the district court denied the motion to dismiss and rejected the proposed jury instruction, Gutierrez reserved his right to appeal the two decisions and entered a conditional guilty plea to unlawful possession of a firearm.  Gutierrez appeals.

## II.

## STANDARD OF REVIEW

The constitutionality of a statute is reviewed de novo.  *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). This Court also exercises de novo review over the application and construction of statutes.  *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Gutierrez argues that the district court erred in denying his motion to dismiss the unlawful possession of a firearm charge because I.C. § 18-3316 is unconstitutionally vague as applied to his conduct and that, even if his vagueness challenge fails, the district court erred in rejecting his proposed jury instruction defining the term firearm.  The State responds that, within the context of I.C. § 18-3316, the term firearm has a specific statutory definition that conflicts with the one Gutierrez proposed and, therefore, the district court was correct in denying Gutierrez's motion to dismiss and rejecting his proposed jury instruction.  We hold that I.C. § 18-3316 is not unconstitutionally vague as applied to Gutierrez's conduct because the definition of firearm contained in I.C. § 18-3302(d) applies to I.C. § 18-3316 and provided Gutierrez fair notice that a muzzle-loading, black-powder pistol is considered a firearm. Consequently, we also hold that the district court properly rejected Gutierrez's request for a jury instruction using the federal definition of firearm rather than the applicable definition from I.C. § 18-3302(d).

A.      **Motion to Dismiss for Vagueness**

2

Due process requires that all be informed as to what the State commands or forbids and that persons of ordinary intelligence not be forced to guess at the meaning of the criminal law. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. No one may be required at the peril of loss of liberty to speculate as to the meaning of penal statutes. *State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014). As a result, criminal statutes must plainly and unmistakably provide fair notice of what is prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003). A statute is void for vagueness if it fails to give such notice or if it invites arbitrary and discriminatory enforcement. *Cobb*, 132 Idaho at 197, 969 P.2d at 246; *Freitas*, 157 Idaho at 261, 335 P.3d at 601. If a statute identifies a core of circumstances to which the statute or ordinance unquestionably could be constitutionally applied, it is not void for vagueness. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. Further, a statute should not be held void for uncertainty if it can be given any practical interpretation. *Id.* at 261-62, 335 P.3d at 601-02. Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *Id.* at 261, 335 P.3d at 601; *Martin*, 148 Idaho at 34, 218 P.3d at 13. The party attacking a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *Freitas*, 157 Idaho at 261, 335 P.3d at 601; *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008).

Gutierrez was charged with unlawful possession of a firearm in violation of I.C. § 18-3316. Idaho Code Section 18-3316 provides, in pertinent part:

> (1) A person who previously has been convicted of a felony who purchases, owns, possesses, or has under his custody or control any firearm shall be guilty of a felony and shall be imprisoned in the state prison for a period of time not to exceed five (5) years and by a fine not to exceed five thousand dollars ($5,000).

Gutierrez moved to dismiss the unlawful possession of a firearm charge, arguing that he lacked fair notice that the muzzle-loading pistol he possessed was a firearm within the context of I.C. § 18-3316 because the term firearm lacks a statutory definition within that specific code section. The district court denied Gutierrez's motion to dismiss, concluding that I.C. § 18-3316 was not unconstitutionally vague as applied to Gutierrez's conduct because I.C. § 18-3302(2)(d) contains

3

a definition of firearm that generally applies throughout Title 18, Chapter 33, which includes I.C. § 18-3316. Idaho Code Section 18-3302 provides:

> (2) As used in this chapter:
>
> . . . .
>
> (d) "Firearm" means any weapon that will, is designed to, or may readily be converted to expel a projectile by the action of an explosive[.]

The district court further concluded that the above definition provided sufficient notice that a muzzle-loading, black-powder pistol fell within the statutory definition of a firearm. In so concluding, the district court analogized this case to *State v. Dolsby*, 143 Idaho 352, 352, 145 P.3d 917, 917 (Ct. App. 2006), a case involving a defendant who was convicted of unlawful possession of a firearm for possessing a muzzle-loading rifle under a prior version of I.C. § 18-3316.[1]

Gutierrez argues that the district court erred in relying on *Dolsby* because that case was decided prior to a 2015 amendment of I.C. § 18-3316 that removed a statutory definition for firearm. According to Gutierrez, the 2015 amendment rendered the statute unconstitutionally vague as applied to his conduct because "the statute no longer defines with specificity the conduct it prohibits." To succeed on his as-applied vagueness challenge, Gutierrez must show that I.C. § 18-3316 failed to provide fair notice that his conduct was prohibited or failed to provide sufficient guidelines such that police had unbridled discretion in determining whether to arrest him. *See State v. Pentico*, 151 Idaho 906, 915, 265 P.3d 519, 528 (Ct. App. 2011). Gutierrez has failed to meet his burden because the 2015 amendment did not leave the term firearm undefined in relation to I.C. § 18-3316.

Prior to 2015, I.C. § 18-3316 contained the following statutory definition of the term firearm:

> (3) For the purposes of subsection (1) of this section, "firearm" shall include any weapon from which a shot, projectile or other object may be

---

[1] Whether a muzzle-loading rifle was considered a firearm in the context of I.C. § 18-3316 was not directly at issue in *Dolsby*. On appeal, Dolsby argued only that he should have been permitted to present evidence supporting a misfortune defense because, due to circumstances allegedly outside his control, he was unaware of the applicable statutory definition of a firearm. Consequently, whether the muzzle-loading rifle he possessed fell within the statutory definition of the term firearm was not part of the holding in *Dolsby*.

discharged by force of combustion, explosive, gas and/or mechanical means, whether operable or inoperable.

Although this definition was removed from I.C. § 18-3316 in 2015, *see* 2015 Idaho Laws ch. 303, the term firearm was defined in I.C. § 18-3302(2)(d). As noted by the district court, I.C. § 18-3302(2)(d) contains a definition of the term firearm that is generally applicable to all of Title 18, Chapter 33 of the Idaho Code. When the legislature defines a term within a statutory scheme, that definition controls the term's meaning within the context of the included statutes. *State v. Horton*, 164 Idaho 649, 652, 434 P.3d 824, 827 (Ct. App. 2018). Because the definition provided in I.C. § 18-3302(2)(d) applies to the term firearm "as used in [Chapter 33]" and nothing in I.C. § 18-3316 suggests that a different definition applies, the definition of the term firearm found in I.C. § 18-3302(2)(d) applies to I.C. § 18-3316.

In light of the definition of firearm found in I.C. § 18-3302(2)(d), Gutierrez was on notice that I.C. § 18-3316 prohibits convicted felons from possessing "any weapon" that can, is designed to, or could be readily modified to expel a "projectile by the action of an explosive." Gutierrez concedes that the muzzle-loading pistol he possessed falls within this definition. Consequently, Gutierrez has failed to show that I.C. § 18-3316 is unconstitutionally vague as applied to his conduct.

**B.     Proposed Jury Instruction**

As an alternative to dismissal, Gutierrez proposed a jury instruction defining the term firearm according to the definition found in 18 U.S.C. § 921. Under that definition, muzzle-loading, black-powder pistols that cannot use fixed ammunition are not considered firearms. *See* 18 U.S.C. §§ 921(a)(3), 921(a)(16)(C). According to Gutierrez, he was entitled to an instruction using this definition because it is the definition most favorable to him found within Title 18, Chapter 33 of the Idaho Code. We disagree.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132(a). Although each party is entitled to request specific instructions, such instructions will be given only if they are correct and pertinent. *Id.*; *see also State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). Thus, it is not error for a trial court to reject a proposed instruction that is an erroneous statement of the law,

unsupported by the evidence, an impermissible comment on the evidence, or adequately covered by other instructions. *State v. Lemmons*, 158 Idaho 971, 976, 354 P.3d 1186, 1191 (2015).

The rejection of Gutierrez's proposed jury instruction presents a question of statutory interpretation. That is, this Court must determine whether Gutierrez's proposed instruction correctly defined the term firearm within the context of I.C. § 18-3316. It did not. Idaho Code Section 18-3302(2)(d) defines the term firearm for purposes of I.C. § 18-3316. Nevertheless, Gutierrez argues that the district court should have used the definition incorporated into I.C. § 18-3302D(2)(b), because that definition is also included in Title 18, Chapter 33. Gutierrez's argument ignores the plain language of both I.C. § 18-3302(2)(d) and I.C. § 18-3302D(2)(b). As discussed above, the definition of firearm set forth in I.C. § 18-3302(2)(d) applies to "this chapter," *i.e.*, Title 18, Chapter 33, which encompasses I.C. § 18-3316. On the other hand, the definition of firearm set forth in I.C. § 18-3302D(2)(b), which invokes 18 U.S.C. § 921 by reference, only applies to that section. *See* I.C. § 18-3302D(2) (providing definitions "[a]s used in this section"). Thus, Gutierrez's claim of error is contrary to law.

Gutierrez's proposed instruction defining firearm was not a correct statement of the law. Accordingly, the district court did not err in rejecting Gutierrez's erroneous jury instruction. *See Lemmons*, 158 Idaho at 976, 354 P.3d at 1191.

## IV.

## CONCLUSION

The district court correctly concluded that I.C. § 18-3316 was not unconstitutionally vague as applied to Gutierrez's conduct. The district court also properly rejected Gutierrez's proposed jury instruction defining the term firearm as an incorrect statement of the law. Thus, Gutierrez has failed to show that the district court erred in denying his motion to dismiss or in rejecting his proposed jury instruction. Accordingly, Gutierrez's judgment of conviction for unlawful possession of a firearm is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.