IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43201

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 338 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 27, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER T. DEAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Lemhi County. Hon. Alan C. Stephens, District Judge. Hon. Stephen J. Clark, Magistrate.

Decision of the district court on intermediate appeal from the magistrate's judgment of conviction and order denying motion to dismiss, affirmed.

Law Office of Randolph B. Neal; Randolph B. Neal, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Christopher T. Dean appeals from the district court's decision, on intermediate appeal, affirming Dean's judgment of conviction for second degree stalking and the denial of his motions to dismiss.[1] Dean argues on appeal: (1) the uniform citation failed to charge a crime; thus, the amended complaint necessarily charged a new offense that was barred by the statute of limitations; (2) there was no evidence to support a finding that Dean's actions were committed

---

[1] Although Dean asserts in his notice of appeal that he appeals from the magistrate's denial of his motion to reconsider, he provides no argument or authority as to the district court's error in affirming the magistrate's denial of the motion to reconsider. The only mention of the denial of the motion to reconsider in Dean's appellate brief is in the recitation of the course of proceedings and in the summary of the magistrate's findings. Because Dean does not provide argument or authority as to this Court's review of the denial of the motion to reconsider, he has waived this issue on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

both knowingly and maliciously, as required by Idaho Code Section 18-7906; (3) there was no evidence to support the district court's finding that Dean had the requisite intent under the statute; (4) the term "nonconsensual contact" in I.C. § 18-7906 makes the statute ambiguous and, therefore, the rule of lenity applies; (5) the district court erred in affirming the magistrate's judgment of conviction, because there was no evidence to support a finding of guilty beyond a reasonable doubt; and (6) the cumulative error doctrine applies.

The State argues the district court did not err in affirming the magistrate's decision because the amended complaint was not a new or different offense and so was not barred by the statute of limitations. Further, the State asserts that for Dean's remaining arguments, Dean failed to provide an adequate record on appeal. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Dean owns a home that includes a small apartment located above his garage. The apartment contained two separate and distinct areas--one that Dean used and the other that Dean leased. The area Dean used included a bathroom, a bedroom that Dean's wife used as an office, and a hallway with a washer and dryer. At the end of the hallway was a door, which separated the area Dean used and the area Dean leased to the lessee. The leased area included a kitchen and a bedroom with an attached bathroom. The lease agreement did not include the area Dean used, but the lessee utilized the hallway to access the leased portion of the apartment. Further, with Dean's knowledge, the lessee used the front bathroom and the washer and dryer.

Beginning on August 6, 2011, and continuing daily until August 15, 2011, each time the lessee left the apartment, she noticed upon her return that her clothing in the front bathroom, in her laundry basket near the washer and dryer, and in her bedroom was disturbed. On August 12, 2011, Dean made a sexual advance on the lessee by saying, "maybe I'll get you drunk enough to get you into bed." Because of this comment, the lessee suspected Dean had been disturbing her clothing. The lessee began taking photographs on August 14, 2011, in order to document the appearance and location of her clothing in the mornings and evenings. The lessee took photos before she left the apartment and also upon her return to her apartment.

The lessee also set up a video camera to record her apartment during her absence. The first video was taken the morning of August 15, 2011. The camera was set up underneath the sink in the front bathroom. This video showed the legs of an individual wearing tennis shoes

2

walking into the bathroom and past the camera. While out of view of the camera, the individual made two long sniffing sounds. The lessee testified the shoes in the video belonged to Dean. The second video was taken the evening of August 15, 2011, and the camera was set up in the food pantry of the kitchen pointing toward the front door of the lessee's apartment. The second video shows Dean enter the front bathroom, and then walk into the leased area, through the kitchen and past the camera, toward the lessee's bedroom. Then Dean walked back into the kitchen, past the camera, and out of the leased area into the hallway. While in the hallway, Dean bent down, picked up an item of clothing from the lessee's laundry basket, and pressed the clothing to his face.

The lessee reported the incidents to the police department and immediately moved out of the apartment. By uniform citation, Dean was charged with two counts of second degree stalking. The citation was dated August 15, 2011, and charged two counts of "Stalking 2nd Degree" in violation of "18-7906(c)(4)." The officer made a mistake, however, as there is no such Idaho Code subsection. The closest code section is I.C. § 18-7906(2)(c)(4). More than a year later, Dean filed a motion to dismiss the charges with prejudice, asserting the citation was facially deficient because it failed to allege a criminal act, as subsection (c)(4) does not exist. Dean argues even if the officer meant to cite to subsection (2)(c)(4), the citation would still fail to charge a crime because subsection (2)(c)(4) is only a definitional section and proscribes no criminal act. Because the citation did not charge a crime, Dean argues any amendment would necessarily be charging a new crime, and any such charges would be barred by the statute of limitations.

The State then filed an amended complaint, charging Dean with one count of second degree stalking and one count of unlawful entry. Dean filed a second motion to dismiss, arguing first, that the second degree stalking charge in the amended complaint was not supported by probable cause because the police report failed to identify a course of conduct as required by statute, and second, that the unlawful entry was barred by statute of limitations and failed as a matter of law. The magistrate found Dean's motions to dismiss were untimely pursuant to I.C.R. 12(d). Despite the untimeliness, the magistrate in the alternative, denied Dean's motions to dismiss the second degree stalking charge, holding the citation identified the alleged crime and specified how Dean committed the crime by citing to a subsection of the statute. The magistrate held, "[a] reasonable person would be able to identify the basis of the charge. To hold otherwise

3

would be to almost eviscerate the use of citations in other than the most simple of cases." The magistrate dismissed the charge of unlawful entry.[2] The State filed a second amended complaint alleging one count of second degree stalking.

After a bench trial, the magistrate found Dean guilty of second degree stalking. The magistrate found Dean knowingly and maliciously engaged in a nonconsensual course of conduct by intending to do an unlawful act. The magistrate reasoned:

> [I]f [Dean] was counting on the covert nature of his activities to shelter him, that would seem to be misplaced. If discovered, he would know that it would be foreseeable that [the lessee] would be annoyed or disturbed. The belief that [Dean] could simply get away with the conduct and hence [the lessee] could not suffer any vexation or annoyance cannot provide a shield.

Dean filed in one document, a motion for reconsideration, a renewed motion for acquittal, and a motion for dismissal of all charges, which the magistrate denied. The magistrate entered the judgment of conviction and placed Dean on probation. Dean appealed to the district court.

The district court, on intermediate appeal, affirmed the magistrate's judgment of conviction and the denial of Dean's motions to dismiss, albeit based on a different theory than that used by the magistrate. The district court summarized Dean's argument as follows: (1) the citation was insufficient to charge a crime because it cited a definition paragraph and the statute of limitations had run before the prosecution amended its complaint to include the correct code section; and (2) the magistrate erred in finding Dean acted with malice as required by I.C. § 18-7906 because Dean never intended to vex, annoy, or injure the victim.

The district court held the citation was sufficient to charge a crime because "[a] citation to any section under I.C. § 18-7906 would be sufficient to provide notice to a defendant that they are being charged with stalking in the second degree." The district court further held the citation did not create any confusion as to what was charged when it cited to a specific provision because the citing officer alleged the facts found within that provision were the basis for the crime. As to Dean's argument that the magistrate erred in finding Dean acted with malice, the district court adopted the factual findings of the magistrate. The district court reasoned to find malice, the court need only find that Dean "had the intent to commit the trespass, unlawful entry, invasion of

---

[2] The State filed a notice of cross-appeal to the district court as to the magistrate's dismissal of the unlawful entry charge. The record on this appeal, however, provides no further documents or transcripts related to the cross-appeal. As such, we do not address the cross-appeal because it was not raised as an issue before this Court.

privacy, or breach of contract in order to find the requisite intent to be found guilty of stalking." Finally, the district court found the magistrate's mischaracterization of evidence error was harmless.[3] Dean timely appeals from the district court's decision.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

## III.

## ANALYSIS

Preliminarily, although Dean identified only three issues on appeal, his opening brief contained numerous sub-issues that are unrelated to each other or any identified issue. As a result, this Court has identified the following six issues on appeal. First, Dean argues the district court erred in affirming the magistrate's denial of Dean's motion to dismiss, because Dean asserts the uniform citation violated his due process rights by failing to allege a crime. Dean asserts the uniform citation did not allege a crime because it cited a non-existent subsection of I.C. § 18-7906. As such, Dean argues the amended complaint charged a new offense that was barred by the one-year statute of limitations. Second, Dean argues the district court erred in affirming the judgment of conviction, because there was no evidence to support a finding that Dean's actions were committed both knowingly and maliciously, as required by I.C. § 18-7906. Third, Dean argues there was no evidence to support the district court's finding that Dean had

---

[3]    Dean has not challenged the district court's harmless error holding. Thus, we do not address this as an issue on appeal. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970.

5

the malicious intent to annoy, harass, or injure the victim. Fourth, Dean argues the term "nonconsensual contact" in I.C. § 18-7906 makes the statute ambiguous and, therefore, the rule of lenity applies. Fifth, Dean raises three different arguments as to how the district court erred in affirming the judgment of conviction. Finally, Dean argues the cumulative error doctrine applies.

**A.** **The Uniform Citation Provided Proper Notice to Dean of the Charges Against Him and the Amended Complaint Was Not Barred by the Statute of Limitations**

Dean argues the following: the uniform citation failed to charge a violation because the citation alleged a violation of a nonexistent subsection of I.C. § 18-7906, and so did not set forth the facts upon which the charge was based. Thus, the amended complaint necessarily charged a new and different offense because Dean was not charged with any crime until the amended complaint was filed. However, according to Dean, the amended complaint was barred by the statute of limitations.

Although the issue summary and conclusion in Dean's appellate brief assert the magistrate did not have jurisdiction, Dean's argument and supporting authority allege a due process violation. Thus, the issue we address on appeal is whether the citation and the amended complaint complied with due process requirements.

**1.** **The uniform citation adequately informed Dean of the charges against him**

Dean contends the uniform citation failed to charge a violation because the citation cited a nonexistent subsection of I.C. § 18-7906. Dean also argues the uniform citation did not allege facts sufficient to charge the crime of second degree stalking under I.C. § 18-7906. Further, Dean asserts that even if the citing officer meant to cite I.C. 18-7906(2)(c)(4) instead of I.C. 18-7906(c)(4), the citation still would fail to charge a violation because subsection (2)(c)(4) is a definition section and does not proscribe any act. As such, Dean argues the uniform citation violated his due process rights because the uniform citation made no allegations of the necessary elements of the crime and failed to adequately notify Dean of the nature of the charge.

Idaho Misdemeanor Criminal Rule 3(b) provides that "the complaint in a uniform citation may be used as the complaint to prosecute a misdemeanor." "A uniform citation provides a simplified way of charging misdemeanors and infractions and resolving the resulting cases expeditiously." *State v. Cahoon*, 116 Idaho 399, 401, 775 P.2d 1241, 1243 (1989). "To be legally sufficient, a charging document must meet two requirements: it must impart jurisdiction and satisfy due process." *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009). An

6

indictment confers jurisdiction when it alleges that the defendant committed a criminal offense in the state of Idaho. *Id.* Objections regarding an indictment's conferral of jurisdiction may be made for the first time on appeal. *State v. Jones*, 140 Idaho 755, 758, 101 P.3d 699, 702 (2004). An indictment satisfies due process when, among other things, it contains "factual specificity adequate to 'enable a person of common understanding to know what is intended' and to shield against double jeopardy." *Id.* (quoting *State v. Grady*, 89 Idaho 204, 209, 404 P.2d 347, 349-50 (1965)). Idaho Criminal Rule 7(b) embodies the elements of notice necessary for due process, providing in relevant part:

> The indictment or information shall state for each count the official or customary citation of the statute, rule or regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall not be grounds for dismissal of the indictment or information or for the reversal of the conviction if the error or omission did not mislead the defendant to the defendant's prejudice.

Preliminarily, we note that because Dean did not assert a jurisdictional challenge in the trial court below. Even if he had raised a jurisdictional challenge on appeal, it would be a post-trial jurisdictional challenge. In post-trial jurisdictional challenges, a citation is sufficient if the citation contains a statement of territorial jurisdiction and a citation to the applicable section of the Idaho Code. *See State v. Quintero*, 141 Idaho 619, 622, 115 P.3d 710, 713 (2005); *Jones*, 140 Idaho 755 at 759, 101 P.3d at 703. The citation alleged Dean's offense was committed in Idaho, therefore, it contains a statement of territorial jurisdiction. The citation also alleged Dean committed two violations of "Stalking 2nd Degree" in violation of "18-7906(c)(4)." Because the citation alleged Dean committed the crime of second degree stalking pursuant to I.C. § 18-7906 and alleged the crime was committed in Idaho, the magistrate had subject matter jurisdiction.

Although Dean correctly notes the code section used by the citing officer was I.C. § 18-7906(c)(4) and subsection (c)(4) does not exist, Idaho Criminal Rules suggest that an error in the citation does not invalidate the document. As noted above, I.C.R. 7(b) states: "Error in the citation or its omission shall not be grounds for dismissal of the indictment or information or for reversal of the conviction if the error or omission did not mislead the defendant to the defendant's prejudice." Dean recognized in his motion to dismiss that the citing officer likely meant to cite Dean for a violation of I.C. § 18-7906(2)(c)(4). Idaho Code Section 18-7906 provides in relevant part that "a person commits the crime of stalking in the second degree if the person knowingly and maliciously: (a) Engages in a course of conduct that seriously alarms,

7

annoys or harasses the victim and is such as would cause a reasonable person substantial emotional distress." Subsection (2)(c)(4) defines the method by which the crime may be committed:

> (2)    As used in this section:
> (c)    "Nonconsensual contact" means any contact with the victim that is initiated or continued without the victim's consent, that is beyond the scope of the consent provided by the victim, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued. "Nonconsensual contact" includes, but is not limited to:
> > (iv)    Entering onto or remaining on property owned, leased or occupied by the victim.

Dean alleges no error in citing to the statute, only in citing to a subsection within that statute. As such, Dean had notice of which statute he was alleged to have violated. Additionally, even a cursory review of the statute would reveal that only subsection (2) contains a further subsection designated (c)(iv). The citation to I.C. § 18-7906 makes clear that Dean was charged with the crime of second degree stalking; the further citation to (2)(c)(iv) simply specified the method by which Dean committed the crime for which he was charged. As evidenced by Dean's claims and arguments in his motions to dismiss, Dean was not misled by the error nor can he reasonably argue he was prejudiced. Instead, Dean was able to identify the correct subsection from the citation and argue against its application. Thus, the citation properly charged Dean with second degree stalking pursuant to I.C. § 18-7906, and the error in the citation did not mislead Dean to his prejudice.

> **2.    The amended complaint did not allege a new or different offense and so was not barred by the statute of limitations**

Dean argues because the initial citation failed to charge a violation, the amended complaint necessarily charged the new or different offense of second degree stalking and so was barred by the statute of limitations. The State argues there was no new or different offense alleged in the amended complaint because the charge alleged in the amended complaint was the same as the charge alleged in the citation. As such, the State asserts the amended complaint was not barred by the statute of limitations. We agree with the State's reasoning.

As the initial citation properly charged Dean with two counts of second degree stalking and was issued within the one-year statute of limitations, the State could amend the complaint at any time before the prosecution rested. "The court may permit a complaint, an information or indictment to be amended at any time before the prosecution rests if no additional or different

8

offense is charged and if substantial rights of the defendant are not prejudiced." I.C.R. 7(e). As noted above, the citation properly charged Dean with second degree stalking in violation of I.C. § 18-7906. The amended complaint also charged Dean with second degree stalking in violation of I.C. § 18-7906.[4] As the citation and the amended complaint charged Dean with the same crime, the amended complaint did not allege a new or different offense of second degree stalking. Because a complaint may be amended at any time before the prosecution rests, the amended complaint clarifying the charge set forth in the citation was not barred by the statute of limitations. Thus, as the citation was sufficient to charge Dean with second degree stalking, the amended complaint did not allege a new or different offense of second degree stalking, Dean had proper notice of the charges against him, and the amended complaint was not barred by the statute of limitations.

B.      **Dean Fails to Provide an Adequate Record to Support the Claim That There Was No Evidence That Dean's Actions Were Committed Both Knowingly and Maliciously**

Preliminarily, we note that Dean's issue statement is "the State failed to prove the element of malicious intent to alarm, annoy or harass." Dean's argument and authority, however, differ from the issue statement. Dean's argument and authority address whether the State failed to prove Dean acted with the intent to vex, annoy, or injure; and whether the State failed to prove Dean knew his conduct was causing alarm, annoyance, or harassment. Thus, this is the argument we address on appeal.

Dean argues I.C. § 18-7906 requires that he act both knowingly and maliciously. Dean asserts "knowingly" requires a showing that Dean "intentionally engaged in a course of conduct which did alarm, annoy and harass," and "maliciously" requires the intent to vex, annoy, or injure. Dean asserts under *State v. Nastoff*, 124 Idaho 667, 862 P.2d 1089 (Ct. App. 1993), the State was required to prove Dean intended his actions to seriously alarm, annoy, or harass the victim. Dean argues the district court erred in affirming the magistrate because the State failed to provide any evidence that Dean intended to "vex, annoy, or injure" or "seriously alarm, annoy or harass."

---

[4]     Dean was charged by citation with two counts of second degree stalking. In the amended complaint, Dean was charged with one count of second degree stalking and one count of unlawful entry. The charge of unlawful entry was subsequently dismissed.

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). In this case, five witnesses testified at trial. Dean provided the transcripts for only three of the five witnesses that testified. Appellate review of Dean's claim that there was insufficient evidence presented necessarily requires an examination of all of the evidence presented to the magistrate to determine whether there was substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Here, Dean did not provide all of the evidence presented to the trial court. Accordingly, we do not have before us all the evidence that was available to the magistrate in making his decision that guilt beyond a reasonable doubt was established. *McClure v. Stanley*, 113 Idaho 975, 977, 751 P.2d 671, 673 (Ct. App. 1988). Thus, we cannot say the magistrate erred in concluding the State presented sufficient evidence on each and every element of the offence. Consequently, Dean has failed to show the district court erred in affirming the magistrate.

C.      **Dean Fails to Demonstrate That There Was Insufficient Evidence of Malicious Intent, That the District Court Erred in Its Interpretation of Civil Injury, and That Idaho Code Section 18-7906 Is Void for Vagueness**

The district court affirmed the magistrate's finding that Dean acted with malice as required by I.C. § 18-7906, and reasoned:

> It is clear that [Dean] did repeatedly intend to enter the victim's dwelling without her permission, in contradiction of the rental agreement, and without a pending emergency. The entrance and subsequent rummaging of the victim's personal items can be classified as a trespass, an unlawful entry, an invasion of the victim's right to privacy, or a breach of contract. Each of these classifications constitutes an injury to the victim for which there is a legal remedy. Since each of these classifications constitutes an injury to the victim, the court must only find that [Dean] had the intent to commit the trespass, unlawful entry, invasion of privacy, or breach of contract in order to find the requisite intent to be found guilty of stalking.
>
> This court, having adopted all of the factual findings as amended by the lower court, agrees with the lower court that [Dean] did have the requisite intent to injure the victim.

Dean offers three different arguments for why the district court erred in affirming the magistrate's decision: (1) there was no substantial evidence to support the district court's finding that Dean intended to repeatedly enter the lessee's apartment without permission; (2) the district

10

court incorrectly relied upon the civil injuries of trespass, invasion of privacy, and breach of contract to find malice; and (3) I.C. § 18-7906 is void for vagueness because it does not provide notice to the public that infliction of injury in a civil context rises to the level of injury required by this statute.

1. **Dean fails to provide a sufficient record to support his argument that there was no substantial evidence to support the district court's finding that Dean intended to repeatedly enter the lessee's apartment without permission**

In affirming the magistrate, the district court held: "It is clear that [Dean] did repeatedly intend to enter the victim's dwelling without her permission, in contradiction of the rental agreement, and without a pending emergency." Dean asserts no such finding is supported by the record. As noted above, it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Murinko*, 108 Idaho at 873, 702 P.2d at 911. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Beason*, 119 Idaho at 105, 803 P.2d at 1011. Because Dean provided the transcripts for only three of the five witnesses that testified, Dean did not provide a sufficient record on appeal for this Court to consider his argument and review whether there was substantial evidence to support the magistrate's finding. Consequently, Dean has failed to show the district court erred in affirming the magistrate on this ground.

2. **Dean provided no authority to support his argument that the district court erred in reasoning civil injuries constitute criminal injuries**

Dean argues the district court erred because:

> Thus, the District Court relied upon and declared that civil injuries of trespass, invasion of privacy, and breach of contract could constitute a criminal injury to [the lessee]. Rather than the foreseeability argument of the Trial Court, the District Court averred that "each of these classifications [trespass, invasion of privacy, and breach of contract] constitutes an injury to the victim for which there is a legal remedy." Thus, the District Court declared new law that the word "injury" in a civil context is the same as "injure" in a criminal context.

Dean asserts the district court's interpretation of civil injuries would replace the criminal injury proscribed by I.C. § 18-7906. Dean further asserts that "even if civil torts could possibly meet the definition of the term 'injure' in the statutory definition of malice found in the criminal code, it would effectively negate the necessity that this malicious intent must be toward 'seriously alarming, annoying or harassing' the victim."

11

A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Here, Dean failed to provide authority regarding his proposition that the district court erred in concluding civil injuries could also constitute the criminal injury proscribed by I.C. § 18-7906. Therefore, Dean waives this argument on appeal.

### 3. Idaho Code Section 18-7906(2)(c) defining nonconsensual contact is not void for vagueness

Preliminarily, we note that although Dean argues I.C. § 18-7906 is void for vagueness, he does not clarify whether the statute is void on its face or void as applied to him. As a result, this Court has identified that Dean's void for vagueness claim is a facial challenge based on the arguments and authority he presented. Dean argues the nonconsensual conduct defined in I.C. § 18-7906(2)(c) is impermissibly vague because the Idaho Legislature did not intend that individuals committing civil torts against a victim could suddenly find themselves subject to criminal prosecution under the stalking statute. Dean argues the district court erred when it found "the infliction of injury in a civil context could rise to the level of injury in this criminal case, thereby creating a criminal penalty for civil conduct without any prior notice to the public and in conflict with case law which has been in place for centuries." Dean further asserts that because nonconsensual contacts can include conduct that constitutes a civil tort, I.C. § 18-7906 does not provide proper notice because the statute does not indicate that nonconsensual conduct that constitutes a civil tort directly implicates a criminal intent to seriously alarm, annoy, or harass.

Where the constitutionality of a statute is challenged, we review the lower court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party attacking a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *Freitas*, 157 Idaho at 261, 335 P.3d at 601; *Martin*, 148 Idaho at 34, 218 P.3d at 13.

Due process requires that all persons be informed as to what the state commands or forbids and that persons of ordinary intelligence not be forced to guess at the meaning of the law. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. No one may be required at the peril of loss of liberty to

12

speculate as to the meaning of penal statutes. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A void for vagueness challenge is more favorably acknowledged and a more stringent vagueness test will be applied where a statute imposes a criminal penalty. *Cobb*, 132 Idaho at 198, 969 P.2d at 247. As a result, criminal statutes must plainly and unmistakably provide fair notice of what is prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003). Additionally, a statute is void for vagueness if it invites arbitrary and discriminatory enforcement. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A statute avoids problems with arbitrary and discriminatory enforcement by identifying a core of circumstances to which the statute or ordinance unquestionably could be constitutionally applied. *Id.* A statute should not be held void for uncertainty if it can be given any practical interpretation. *Id.* at 261-62, 335 P.3d at 601-02. A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct. *Id.*; *Martin*, 148 Idaho at 35, 218 P.3d at 14.

Even if Dean had raised the void for vagueness claim below,[5] Dean has not demonstrated that I.C. § 18-7906(2)(c) is impermissibly vague on its face. To be successful in a facial vagueness challenge, the defendant must demonstrate that the law is impermissibly vague in all of its applications. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. That is, it must be shown that the enactment is invalid *in toto*. *Cobb*, 132 Idaho at 199, 969 P.2d at 248; *State v. Newman*, 108 Idaho 5, 12, 696 P.2d 856, 863 (1985). All that is required for conduct to meet the definition of nonconsensual contact in I.C. § 18-7906(2)(c) is "any contact with the victim that is initiated or continued without the victim's consent, that is beyond the scope of the consent provided by the victim, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued" which includes, but is not limited to, "[e]ntering onto or remaining on property

---

[5] The clerk's record indicates Dean's void for vagueness claim was raised for the first time on appeal to this Court. Dean's first motion to dismiss, second motion to dismiss, motion to reconsider, and notice of appeal to the district court did not include a void for vagueness claim. In Dean's notice to appeal to the district court and to this Court, Dean indicated the trial court failed to apply the rule of lenity to a vaguely worded statute. This, however, is not arguing the statute is void for vagueness, but rather that the rule of lenity should apply. Further, we note that although Dean may have raised a void for vagueness argument in his briefing and oral argument to the district court on intermediate appeal, Dean has not provided this Court with that briefing or the oral argument transcripts. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Thus, Dean has waived this issue on appeal to this Court.

owned, leased or occupied by the victim." Idaho Code Section 18-7906(2)(c) clearly provides notice to the public that should a person have contact with a victim without consent, beyond consent, or in disregard of an expressed desire to not be contacted, that person may be charged with a violation of I.C. § 18-7906. Therefore, Dean has not met his burden to show I.C. § 18-7906(2)(c) is impermissibly vague in all applications.

## D.    Idaho Code Section 18-7906 Is Not Ambiguous

Dean argues I.C. § 18-7906 is ambiguous because "a violation of the statute by nonconsensual contact by entry into [an] area occupied by the victim cannot be distinguished from an innocent entry."

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

"A statute is ambiguous where the language is capable of more than one reasonable construction." *Verska v. Saint Alphonsus Regional Medical Center*, 151 Idaho 889, 896, 265 P.3d 502, 509 (2011) (quoting *Porter v. Board of Trustees, Preston School Dist. No. 201*, 141 Idaho 11, 14, 105 P.3d 671, 674 (2004)). An unambiguous statute would have only one reasonable interpretation. *Verska*, 151 Idaho at 896, 265 P.3d at 509. An alternative interpretation that is unreasonable would not make it ambiguous. *Id.*

14

Dean interprets the statute as follows: "Nonconsensual contact must include the right to exclude an entry which in turn requires the duty of another to gain consent. The right to consent exists only where there is standing to object to entry." Therefore, Dean asserts the statute is ambiguous because nonconsensual contact by entry into an area occupied by the victim cannot be distinguished from innocent entry. However, Dean's argument fails because the language of the statute is plain and unambiguous.

Idaho Code Section 18-7906 clearly provides, in relevant part, that "a person commits the crime of stalking in the second degree if the person knowingly and maliciously: (a) Engages in a course of conduct that seriously alarms, annoys or harasses the victim and is such as would cause a reasonable person substantial emotional distress." The statute defines a course of conduct as "repeated acts of nonconsensual contact involving the victim or a family or household member of the victim, provided however, that constitutionally protected activity is not included within the meaning of this definition." I.C. § 18-7906(2)(a). The statute then defines nonconsensual contact as, "any contact with the victim that is initiated or continued without the victim's consent, that is beyond the scope of the consent provided by the victim, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued." I.C. § 18-7906(2)(c). As an example of the ambiguity, Dean argues one cannot have nonconsensual contact in a public place. Dean provides no authority for such proposition, and this Court can envision several different scenarios consisting of nonconsensual contact in a public place. Just because Dean can fashion a set of facts that would not meet the statutory elements does not mean the statute is ambiguous. *See Verska*, 151 Idaho at 896, 265 P.3d at 509. Idaho Code Section 18-7906 proscribes conduct and provides definitions and guidance as to what actions constitute the proscribed conduct. Thus, the statute is not ambiguous.

**E.     Dean Has Not Provided a Sufficient Record on Appeal for This Court to Consider His Argument That the District Court Erred in Affirming the Judgment of Conviction and the Magistrate's Denial of Dean's Motion to Reconsider Because There Was No Evidence to Support a Finding of Guilty Beyond a Reasonable Doubt**

Dean argues the district court, on intermediate appeal, erred in affirming the magistrate because there was not substantial evidence to support a finding of guilt beyond a reasonable doubt. Dean extensively argues an alternative interpretation of the evidence presented at trial. Based on this interpretation, Dean asserts there was not substantial evidence to support a finding of guilt beyond a reasonable doubt that he engaged in a course of conduct that would cause a

15

reasonable person substantial emotional distress as required by I.C. § 18-7906. As noted above, Dean neglected to include the entire trial transcript on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Murinko*, 108 Idaho at 873, 702 P.2d at 911. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Beason*, 119 Idaho at 105, 803 P.2d at 1011. Thus, the district court did not error in affirming the magistrate's judgment of conviction.

**F.     Cumulative Error**

Lastly, Dean contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id.* Dean has failed to demonstrate any error, let alone multiple errors. Thus, we decline to find any cumulative error in this case.

**IV.**

**CONCLUSION**

We hold the citation properly charged Dean with second degree stalking and the amended complaint was not barred by the statute of limitations. Dean failed to show the district court erred in affirming the magistrate's findings because Dean failed to provide an adequate record for appeal. We further hold I.C. § 18-7906 is not ambiguous. We decline to find cumulative error in this case because Dean failed to demonstrate any error. For the foregoing reasons, the decision of the district court on intermediate appeal from the magistrate's judgment of conviction and order denying motion to dismiss is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.

16
