**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44633**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Opinion No. 6** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 22, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JOSEPH ROMAN RUBIO,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K. C. Meyer, District Judge.

Judgment of conviction for filing a false instrument, <u>vacated</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Joseph Roman Rubio appeals from his judgment of conviction entered after a jury found him guilty of filing a false instrument. In essence, Rubio, a probationer, argues his conduct of submitting an allegedly falsified community service time card with the community service office does not fall within the ambit of Idaho Code § 18-3203. For the reasons set forth below, we vacate the judgment of conviction and remand to the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The terms and conditions of Rubio's probation required him to complete fifty-six hours of community service at a local thrift store. Rubio, as instructed, submitted a community service time card ("time card") containing the requisite hours to the community service desk. The State, suspecting the time card falsely reported hours, charged Rubio with filing a false instrument in

1

violation of I.C. § 18-3203, rather than filing a probation violation. Idaho Code § 18-3203 provides:

> Every person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office within this state, which instrument, if genuine, might be filed, or registered, or recorded under any law of this state, or of the United States, is guilty of a felony.

At his preliminary hearing, Rubio argued the complaint was invalid because it failed to charge a crime cognizable within the state. The magistrate acknowledged there were issues as to undefined terms, such as what is meant by "instrument filed." Nevertheless, the magistrate found probable cause and bound Rubio over to the district court.[1]

Rubio filed a motion to dismiss, again arguing his conduct did not fall within the purview of the statute. Rubio argued the time card did not meet the statutory definition of an instrument nor did any law provide that it be filed, registered, or recorded. The district court denied the motion, ruling Rubio's time card met the statutory definition of an instrument because Rubio had a duty or liability to perform and report his community service hours pursuant to court order.

Rubio proceeded to trial. After the State's case-in-chief, Rubio moved for judgment of acquittal pursuant to Idaho Criminal Rule 29, arguing that the State failed to prove beyond a reasonable doubt: (1) that the time card was an "instrument"; (2) that the time card was false or forged; (3) that the community service office was a "public office"; (4) that the time card was filed under any federal or state law; and (5) that the time card was actually filed. The State responded that whether a time card was an instrument and whether a community service desk was a public office were legal matters for the jury to be instructed. Additionally, the State argued the statutory language "might be filed, registered, or recorded" did not create a requirement that the instrument be filed and therefore was not an element of the offense. The district court denied the Rule 29 motion stating:

> I'm at somewhat of a disadvantage having not been there at the hearing, but I did review the minutes of the decision by [the judge]. And he specifically found . . . that the community service office is a public office. Once you deliver a document to the deputy clerk, you know it will be used.
> He further found that [the] community service card was an instrument that defines a liability and duty to do community service.

---

[1] During the progression of this case, at least seven judges presided over the various proceedings. Additionally, different judges presided over the hearing for the motion to dismiss and the trial. Judge Meyers, the current judge, participated solely in Rubio's sentencing.

Following the presentation of the evidence, the jury was instructed:

> In order for the defendant Joseph Roman Rubio to be guilty of filing a false instrument, the State must prove each of the following:
> 1. On or about November 20th, 2015;
> 2. In the County of Kootenai, state of Idaho;
> 3. The Defendant Joseph Roman Rubio did knowingly procure or offered;
> 4. A false and/or forged instrument;
> 5. To be filed in any public office within the state;
> 6. Which instrument, if genuine, might be filed, or registered, or recorded under any law of this state or of the United States.

At the request of the prosecutor, but over Rubio's objection, the court gave three additional instructions. The court instructed the jury, through Jury Instructions 16, 17, and 18, that under Idaho law (1) "a time card, when filed in a court case, is an instrument"; (2) "the Kootenai County community service desk is a public office"; and (3) "proof of completion of community service, when such service is done pursuant to a court order, may be filed under the law of the State of Idaho."[2]

Following its deliberations, the jury returned a verdict finding Rubio guilty of filing a false instrument, and the district court imposed a unified sentence of three years, with one and one-half years determinate, but retained jurisdiction. Rubio timely appeals.

## II.

## ANALYSIS

On appeal, Rubio first argues probable cause was not established at his preliminary hearing. Rubio next argues the evidence at trial was insufficient to establish three elements of the offense: (1) that the time card was an "instrument"; (2) that the community service desk was a "public office"; and (3) that, if genuine, the time card "might have been filed under any law of the State of Idaho or the United States." Last, Rubio argues, and the State concedes, that the jury was improperly instructed regarding three elements of the offense for which Rubio was charged.

---

[2] Rubio argued that there is no law to support the instruction that, according to Idaho law, a time card, when filed in a court case, is an "instrument." The district court replied that because the judge at the motion to dismiss hearing found such, "it ma[de] it the law of the case for record, and all our hands are tied." Additionally, the district court stated in regard to the other objected to instructions: "Basically, the court's position is I'm constrained by the law of the case, prior rulings by [the judge] as to [those instructions]." Rubio argues on appeal that the trial court improperly applied this doctrine in denying Rubio's Idaho Criminal Rule 29 motion. Because it has no bearing on the outcome of this case, we need not address the issue.

The State concedes that Instructions Number 16, 17, and 18 were erroneous because they invaded the jury's function to determine whether the State proved all essential elements of the offense. However, the State argues against reviewing the preliminary hearing because Rubio was found guilty after a jury trial. The State also argues it presented sufficient evidence upon which a properly instructed jury could find all of the elements of the offense proven beyond a reasonable doubt. We conclude the issue regarding jury instructions is dispositive.

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). Error is reversible if an instruction misleads the jury or prejudices a party. *Id.*

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at 430. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request the delivery of specific instructions. However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not "correct and pertinent" if it is (1) an erroneous statement of the law; (2) adequately covered by the other instructions; or (3) not supported by the facts of the case. *Severson*, 147 Idaho at 710, 215 P.3d at 430; *State v. Weeks*, 160 Idaho 195, 198, 370 P.3d 398, 401 (Ct. App. 2016).

The trial court properly instructed the jury that, pursuant to I.C. § 18-3203, filing a false or forged instrument required the "knowingly procuring or offering," of "a false and/or forged instrument," "to be filed in any public office within the state," "which instrument, if genuine, might be filed, or registered, or recorded under any law of this state, or of the United States." The instructions also required the State to prove every material allegation in the charge beyond a reasonable doubt. However, Instructions 16, 17, and 18 then took away from the jury the questions of whether a community service time card was an instrument, whether a community service desk was a public office, and whether there was a law under which the time card could be filed. While the State concedes these instructions were erroneous, it argues the proper remedy is

4

a new trial because the State presented sufficient evidence to sustain the conviction had the jury been properly instructed. Rubio argues the proper remedy is acquittal because the facts of the case do not constitute a crime within the meaning of I.C. § 18-3203. As a prerequisite to a review of the jury instructions, we must necessarily address the question of whether the time card constitutes an instrument within the meaning of the statute.[3]

The term "instrument" is not defined within the statute, nor have the Idaho appellate courts interpreted its meaning within I.C. § 18-3203. The district court applied the definition offered by Rubio and adopted by the Idaho Supreme Court in *Steel Farms, Inc. v. Croft & Reed, Inc.*, 154 Idaho 259, 265, 297 P.3d 222, 228 (2012). Applying this definition, the district court ruled that as a matter of law the time card was an instrument within the meaning of the statute. The district court stated:

> This is an instrument that defines rights, duties, entitlements or liabilities. Your client had a duty, a liability if you want to phrase it that way, to do his community service, and he is presenting . . . a document that he's purporting demonstrates he performed part of that community service . . . so I don't know how this can be interpreted as anything other than an instrument. It deals with Mr. Rubio's rights, duties, entitlements, liabilities vis-à-vis the State of Idaho and the court order.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal

---

[3] The district court ruled that Rubio was required by law, in this case by court order, to turn in his time card, therefore falling within the proscription of Idaho Code § 18-3203. Rubio argues a court order requiring a time card to be turned in is not equivalent to a law providing the same. Because we conclude that the time card is not an instrument within the meaning of the statute, we need not address this issue.

5

words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

In *Steel Farms, Inc.*, the Idaho Supreme Court had the opportunity to define what constitutes an instrument. *Id.* at 265, 297 P.3d at 228. The Idaho Supreme Court utilized the legal definition of instrument from Black's Law Dictionary and held that an interlineation written on an original contract constituted a valid, enforceable amendment according to the terms of the contract. *Id.* On appeal, Rubio and the State argue for the application of this definition. An instrument is defined as "[a] written legal document that defines rights, duties, entitlements, or liabilities such as a contract, will, promissory note, or share certificate." Black's Law Dictionary 918 (10th ed. 2014).

Here, the district court determined that the examples contained in the Black's Law Dictionary definition of instrument were not exhaustive, though made no comparison to the time card. While the list provided in the definition is clearly not exhaustive, as a list of all legal documents would be impracticable, it is illustrative of what types of documents are instruments, i.e., legally significant. Contracts, wills, promissory notes, and share certificates have legal significance to which falsification would carry a chargeable offense. However, not every piece of writing has legal significance to which a criminal offense is chargeable if false. A contract is "[a]n agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law." Black's Law Dictionary 389 (10th ed. 2014). A will is "a document by which a person directs his or her estate to be distributed upon death." Black's Law Dictionary 1832 (10th ed. 2014). A promissory note is "[a]n unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person." Black's Law Dictionary 1226 (10th ed. 2014). A share certificate is "[a]n instrument evidencing ownership of shares of stock." Black's Law Dictionary 1644 (10th ed. 2014). These examples of instruments have legal significance, to which falsification carries with it a cognizable offense, in stark contrast with a time card. The time card is wholly dissimilar from the list of instruments contained within the definition.

6

Rubio's community service time card is nothing more than the name indicates; it is a time card that logs his community service.

The district court, however, determined that Rubio had a duty, or a liability, to do community service, and it was the time card that defined Rubio's duty or liability to complete community service. We disagree. Based on the above definition of instrument we conclude the time card is not a written legal document that defines rights, duties, entitlements, or liabilities. The time card did not define Rubio's duty or liability to do community service. Rather, the time card was a blank page with columns to be filled out with the date, the number of hours worked, initials, and a stamp. The time card did not contain Rubio's name or the required number of hours to be worked but, instead, only listed the number of hours that had been worked. This document merely logs hours; it does not define legal rights, duties, entitlements, or liabilities. It carries no legal significance and as such cannot carry legal consequences. Therefore, Rubio's time card is not an instrument within the meaning of I.C. § 18-3203.

Because the time card is not an instrument within the meaning of the statute, we conclude that the facts of this case do not create a cognizable offense under I.C. § 18-3203.[4] Therefore, it follows that even if the jury had been properly instructed, the evidence presented by the State at trial was insufficient to establish a necessary element of filing a false instrument.

### III.
### CONCLUSION

A community service time card is not an instrument within the meaning of I.C. § 18-3203. Accordingly, the judgment of conviction is vacated, and the case is remanded with instructions to enter a judgment of acquittal.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

---

[4] For advisory purposes, it is strongly recommended that an instruction defining the term instrument be included when an offense under I.C. § 18-3203 comes before a jury in the future.