IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45273

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: August 2, 2018 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | |
| NICOLE SAMANTHA COOK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Nicole Samantha Cook appeals from her judgment of conviction for possession of a controlled substance. Cook asserts that the district court erred by denying her motion to suppress because the officer lacked reasonable suspicion for the traffic stop for driving an unregistered vehicle once the officer viewed Cook's properly displayed temporary permit. Alternatively, Cook argues the statute requiring the display of temporary permits is unconstitutionally vague. For the following reasons, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Just after midnight, an officer spotted a white vehicle that did not have a front license plate. As the officer passed the vehicle, he looked in his rearview mirror and could not see a rear license plate either. The officer turned his patrol car around and came up behind the vehicle,

activating his emergency lights. It was not until the officer was almost stopped that he observed the temporary registration in the window. The officer testified that he could not, at that point, read the temporary registration. The officer was finally able to read the registration, which was found to be valid, after he wiped off a heavy condensation that had accumulated on the outside of the window. The officer testified that it had been raining earlier that evening and that there was possibly a drizzle at the time the stop was initiated. In his probable cause affidavit, the officer explained that he proceeded to search the vehicle, which was being driven by Cook, based on detection of the odor of marijuana and Cook's admission that her friends had smoked marijuana in the vehicle earlier that evening. The officer found heroin and methamphetamine during the search and then discovered more methamphetamine, four unopened Suboxone strips, and drug paraphernalia on Cook's person.

The State charged Cook with three counts of possession of a controlled substance and one count of possession of paraphernalia. Cook moved to suppress the evidence found pursuant to the stop, arguing that the officer lacked reasonable suspicion to stop the vehicle for briefly crossing over the fog line and for continuing the stop once he was able to read the temporary permit. The district court held a hearing on the motion to suppress and ruled that the officer did not have reasonable suspicion to initiate the stop due to Cook crossing over the fog line, but did have reasonable suspicion to conduct the traffic stop due to Cook's temporary registration not being "readily legible" as required by Idaho Code § 49-432(4). Cook then moved the district court to reconsider its ruling on Cook's motion to suppress, arguing that the district court did not sufficiently address Cook's void for vagueness argument regarding the "readily legible" language in I.C. § 49-432(4). After the district court denied Cook's motion for reconsideration, Cook entered a conditional guilty plea to felony possession of a controlled substance, methamphetamine. The district court entered a withheld judgment and placed Cook on supervised probation for a period of two years. Cook timely appealed.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

2

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

### A. Reasonable Suspicion

Preliminarily, we address Cook's first contention that in *State v. Kinch*, 159 Idaho 96, 356 P.3d 389 (Ct. App. 2015), this Court read additional words into I.C. § 49-432(4) to require the permit to be visible and readable at all times, rather than requiring the permit to be written or typed in a legible manner and displayed in a location where it could be capable of being read. The State argues *Kinch* was correctly decided, and therefore, because the temporary permit was not visible due to condensation, the officer had reasonable suspicion to conduct a traffic stop.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219.

The statute at issue, I.C. § 49-432(4), reads:

> A temporary permit shall be in a form, and issued under rules adopted by the board, and shall be displayed at all times while the vehicle is being operated on the highways by posting the permit upon the windshield of each vehicle or in another prominent place, where it may be readily legible.

The parties disagree as to the plain language meaning of the phrase "may be readily legible." In *Kinch*, this Court held that the plain language of the statute required temporary permits to be both posted in the proper location and "readily legible in that posted location." *Kinch*, 159 Idaho at 101-02, 356 P.3d at 394-95. We determined the unambiguous, plain language of "readily legible" meant both visible and easily readable so that the key information can be easily read from the vantage point of a nearby vehicle. *Id.* Stare decisis dictates that we follow controlling precedent unless it is manifestly wrong, it has proven over time to be unjust or unwise, or

3

overturning it is necessary to vindicate plain, obvious principles of law and remedy continued injustice. *Caldwell v. State*, 159 Idaho 233, 241, 358 P.3d 794, 802 (Ct. App. 2015).

Cook argues that the words "legible, readable, and visible" are not interchangeable, and therefore the plain meaning cannot be what the *Kinch* Court said it was. Cook is correct that the words legible, readable, and visible are not interchangeable; however, she ignores the reasoning of this Court in *Kinch*. Though the term "visible" does not appear in the statute, in *Kinch* we determined that the language of the statute showed an intent by the legislature that temporary permits must be visible while displayed on a vehicle. *Kinch*, 159 Idaho at 100, 356 P.3d at 393. We further explained that by using the adverb "readily," the legislature intended for the information on temporary registration permits to be not only visible but also easily readable. *Id.* at 101, 356 P.3d at 394. We supported our determination that "'legible' is a synonym for 'readable'" by citing to multiple dictionaries and the statutory context, ultimately concluding that "readily legible" meant both visible and easily readable. *Id.* at 100-01, 356 P.3d at 393-94. This Court's reliance on dictionary definitions and context to determine the plain meaning of I.C. § 49-432(4) was proper procedure. *See, e.g.*, *State v. McKie*, 163 Idaho 675, 679-80, 417 P.3d 1001, 1005-06 (Ct. App. 2018) (relying on context to ascertain ordinary meaning of undefined statutory term); *see also State v. Rubio*, 163 Idaho 518, 522, 415 P.3d 386, 390 (Ct. App. 2018) (relying on dictionary definition to ascertain ordinary meaning of undefined statutory term).

Cook further asserts that the *Kinch* Court erred in ignoring the fact that "may be readily legible" uses permissive, not mandatory, language. Cook is correct that the word "may" normally signals that the associated action is permissive, not mandatory. *State v. Mosqueda*, 150 Idaho 830, 835, 252 P.3d 563, 568 (Ct. App. 2010). However, "[t]he word 'may' is not always given a permissive interpretation and can be given a mandatory interpretation depending upon the context in which it is used." *State v. Mileham*, 399 P.2d 688, 690 (Ariz. Ct. App. 1965). The "may be readily legible" language from I.C. § 49-432(4) means "can be read by anyone who so desires." The controlling term in I.C. § 49-432(4) is the mandatory "shall" modifying "be displayed at all times," as the "may be readily legible" portion of the statute is subject to that mandatory requirement. *See State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004) (explaining that "shall" is a mandatory term). Accordingly, the context suggests that the "may be readily legible" language is not permissive.

4

Because the *Kinch* Court properly relied on dictionaries and context to ascertain the plain meaning of I.C. § 49-432(4), and because the *Kinch* Court did not incorrectly ignore permissive language, Cook has failed to show how *Kinch* was "manifestly wrong." Therefore, we will continue to follow the holding in *Kinch*.[1]

We next consider whether the officer had reasonable suspicion to stop Cook's vehicle. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137

---

[1]    Cook's argument that this case is distinguishable from *Kinch* is unavailing. That the temporary permit in *Kinch* was somewhat crumpled does not change the "readily legible" analysis.

5

Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe*, 140 Idaho at 181, 90 P.3d at 931. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Id.*; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe*, 140 Idaho at 181, 90 P.3d at 931.

In *Kinch*, we explained that although the statute does not explicitly provide that the temporary permit must be readily legible from the vantage point of another vehicle on the road, the context of the statute and its plain language make that implication clear. *Kinch*, 159 Idaho at 100, 356 P.3d at 393. Here, the district court found that the officer could not read the temporary permit until he had already exited his vehicle and wiped away the condensation. Though the permit was not crumpled and bent like in *Kinch*, the factual findings in the present case were sufficient to establish reasonable suspicion to initiate the stop and continue the stop. The reason the stop could be continued is because failure to display a readily legible permit is a standalone violation. I.C. § 49-432(4). Therefore, the district court did not err in ruling the officer had reasonable suspicion to initiate and continue the stop.

## B.     Void for Vagueness

Alternatively, Cook contends I.C. § 49-432(4) is unconstitutionally vague. Where the constitutionality of a statute is challenged, we review the lower court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party challenging a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Freitas*, 157 Idaho 257, 261, 335 P.3d 597, 601 (Ct. App. 2014); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *Freitas*, 157 Idaho at 261, 335 P.3d at 601; *Martin*, 148 Idaho at 34, 218 P.3d at 13.

Due process requires that all be informed as to what the State commands or forbids and that persons of ordinary intelligence not be forced to guess at the meaning of the law. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. No one may be required at the peril of loss of liberty to speculate

6

as to the meaning of penal statutes. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A void for vagueness challenge is more favorably acknowledged, and a more stringent vagueness test will be applied where a statute imposes a criminal penalty. *Cobb*, 132 Idaho at 198, 969 P.2d at 247. As a result, criminal statutes must plainly and unmistakably provide fair notice of what is prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003). Additionally, a statute is void for vagueness if it invites arbitrary and discriminatory enforcement. *Freitas*, 157 Idaho at 261, 335 P.3d at 601. A statute avoids problems with arbitrary and discriminatory enforcement by identifying a core of circumstances to which the statute or ordinance unquestionably could be constitutionally applied. *Id.* A statute should not be held void for uncertainty if it can be given any practical interpretation. *Id.* at 261-62, 335 P.3d at 601-02. A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct. *Id.* at 262, 335 P.3d at 602; *Martin*, 148 Idaho at 35, 218 P.3d at 14.

Cook argues that I.C. § 49-432(4) is unconstitutionally vague as applied to her case because it does not give fair notice that an uncontrollable weather condition will render an otherwise valid permit invalid and cause the driver to violate a traffic law. Cook contends that she had no way to avoid breaking the law or to even know that she was violating I.C. § 49-432(4) because she could not observe her permit from the vantage point of another driver while she was driving. To succeed on an as-applied vagueness challenge, a defendant must show that the statute failed to provide fair notice that the defendant's conduct was prohibited or failed to provide sufficient guidelines such that police had unbridled discretion in determining whether to arrest the defendant. *State v. Pentico*, 151 Idaho 906, 915, 265 P.3d 519, 528 (Ct. App. 2011). As to Cook lacking notice that weather conditions could cause a violation of I.C. § 49-432(4), this Court had already issued *Kinch*, which explained that a somewhat crumpled, temporary permit obscured by a layer of condensation violated I.C. § 49-432(4). *Kinch*, 159 Idaho at 97, 356 P.3d at 390. Moreover, Idaho is not the only state in which courts have held that license plate legibility or visibility statutes apply regardless of whether the violation is due to the natural accumulation of the elements. *See, e.g.*, *State v. Haldane*, 300 P.3d 657, 662-64 (Mont. 2013)

7

(explaining that having one's temporary registration permit obscured by snow and a ball hitch runs afoul of a state statute requiring permits to be "plainly visible").[2]

Cook argues that if I.C. § 49-432(4) and *Kinch* are upheld, officers will have unfettered discretion and can wait until inclement weather conditions to pull over anyone they wish. If a statute is broad enough to catch everyone, then it does not apply to a specific core of circumstances and is therefore unconstitutionally vague. *State v. Bitt*, 118 Idaho 584, 588, 798 P.2d 43, 47 (1990). However, this statute will not apply to every temporary permit holder driving in the rain or snow because a temporary permit may be readily legible despite the weather. Because Cook was on notice that her temporary permit needed to be readily legible-- i.e., visible and easily readable--as interpreted by this Court in *Kinch* to mean unobstructed by condensation, and because the statute is not broad enough to catch everyone, I.C. § 49-432(4) is not void for vagueness.

## IV.

## CONCLUSION

Cook has failed to show how *Kinch* is manifestly wrong. Moreover, Cook has failed to establish that I.C. § 49-432(4) is unconstitutionally vague. Pursuant to the reasoning in *Kinch*, the officer had reasonable suspicion to initiate the stop and continue the stop once he had wiped away the condensation. Accordingly, Cook's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

---

[2] Though Cook asserts there is no way she could prevent the rain from obscuring her permit, that is not necessarily the case. The use of rear windshield wipers, defrosting the rear windshield using the vehicle's internal HVAC system, and different placement of the permit may have ensured that Cook's permit was readily legible.

8